A. BRADSHAW, ADMINISTRATOR, v. ROBERT F. MAYFIELD, ADMINISTRATOR.

The judge must determine for the jury, what are the pleadings in the case; and a charge, which is calculated to put them upon the inquiry, as to whether or not an issue is presented by the pleadings, before they can find upon it, is erroneous.

In a suit for personal property, and the hire thereof, a verdict finding the hire to be "worth $150 per annum," will not support a judgment, as to the hire, for any amount; it is not a finding for any particular sum.

APPEAL from Ellis. Tried below before the Hon. Nat. M. Burford.

This was a suit brought by Robert F. Mayfield, as administrator of the estate of Sutherland Mayfield, deceased, against Amzi Bradshaw, administrator of the estate of Sarah Mayfield, for the recovery of a slave, named Randle, and also for his hire; alleging, that the estate of the said Robert F. Mayfield owned the slave; that the defendant took possession of him on the 9th day of September, 1854, and had retained it ever since. The petition was filed in December, 1854.

The defence of the statute of limitations, was set up by the defendant, who alleged that the intestate, Sarah Mayfield, had held adverse peaceable possession of the slave sued for, at, and for six years previous to her death, in the year 1853, claiming him as her own.

The plaintiff proved the hire to be worth $150 per annum; judgment was rendered in December, 1857.

*A. Bradshaw*, the appellant, *in propriâ personâ*.

*J. W. Berry*, for the appellee.

BELL, J.—It is assigned as error by the appellant, that the court submitted a question of law to the jury, and also that the verdict is insufficient to support the judgment. The second instruction given by the court to the jury, is as follows: "If the jury believe that the defendant's *cestui que trust*, or beneficiary, held notorious adverse possession of the boy, Randle, in controversy, for a term of more than two years, they will find for the defendant, provided the statute of limitation is pleaded in defendant's answer." The judge then proceeded further to say, "that in order to authorize a party to take the advantages of the statute of limitations, he must plead it." It is probable that the judge meant nothing more by all this, than what is distinctly announced in the last proposition, viz., that a party cannot avail himself of the statute of limitations, without pleading it. But we are of opinion, that the manner of the charge was calculated to mislead and embarrass the jury, and to put them upon the inquiry, whether or not, the statute of limitations was pleaded, or was sufficiently pleaded. To submit to the jury the question, whether the statute of limitations was pleaded or not, would be error. Such questions must always be decided by the court.

The record discloses, that at the June Term, 1856, the court acted upon exceptions filed by the plaintiff to the defendant's answer, and that the plaintiff's exception to the second clause of the defendant's answer was sustained, and that the exceptions were overruled as to the 3d, 4th, and 5th sections of the answer. That portion of the defendant's answer, to which the exception of the plaintiff was sustained, related to the fact, that certain persons were not made parties to the suit. The plea of the statute of limitations was embraced within the third section of the

defendant's answer, as to which the exceptions taken by the plaintiff, had been overruled; so that the plea of the statute was properly in the record, at the time of the last trial. It was, therefore, the duty of the court to instruct the jury with reference to the fact, that the statute was pleaded, and not to submit to them the question, whether it was pleaded or not.

The record also sustains the appellant in the assertion, that the verdict is insufficient to support the judgment that was rendered. The verdict of the jury was expressed in the following terms. "We, the jury, find for the plaintiff, the boy Randle, and we find his hire to be $150 per annum, and that the boy Randle, is worth $1000." Upon this verdict, judgment was rendered for the plaintiff for the boy, or for his value, in the event that he was not delivered, and also for "$150 per annum, amounting to the sum of $450, for the hire of said boy." This judgment went beyond the verdict. The verdict declared the hire to be $150 per annum. The jury did not find for the plaintiff any particular sum for hire. The judgment, therefore, that the plaintiff recover from the defendant the sum of $450 for hire, is not supported by the verdict. For these reasons, the judgment of the court below must be reversed, and the cause remanded for another trial; and it is ordered accordingly.

We do not deem it necessary to discuss the questions made by counsel, touching the merits of the case. The evidence in support of the titles respectively asserted by the parties to the slave in controversy, is substantially the same as came under the consideration of this court, when the case was presented upon a former appeal. For the law of the case, it is only necessary to refer to the opinion of the court, delivered by Chief Justice HEMPHILL, which will be found in 18 Texas Rep. 21.

Reversed and remanded.