## THE WABASH WESTERN RAILWAY COMPANY

### *v.*

### OSCAR J. FRIEDMAN.

*Filed at Ottawa March 24, 1892—Rehearing denied October 23, 1893.*

1. ALLEGATIONS AND PROOFS—*must correspond.* The defendant will have the right to insist that the grounds upon which the plaintiff claims the right to recover shall be clearly and concisely stated, and that the case made in the declaration shall be proven as alleged. One cause of action can not be alleged and a different one proved, over the defendant's objection made in proper time.

2. SAME—*in action by a passenger against a carrier.* In an action founded on an express or implied contract, against a carrier, for negligence, the declaration must correctly state the contract, or the particular duty or consideration from which the liability results and on which it is based, and a variance in the description of the contract, though in an action *ex delicto,* may be fatal as in an action *ex contractu.* The declaration will be defective if it fails to show that by express contract, or by implication of law, in respect to the defendant's particular character or situation, he was bound to do or omit the act for which he is charged.

3. Same—*as to proof of necessary inducement.* In general, every allegation in an inducement which is material, and not impertinent and foreign to the cause of action, and which consequently can not be rejected as surplusage, must be proved as alleged, and a variance will be fatal.

4. If a necessary inducement of the plaintiff's right, etc., even in actions for torts, relates to and describes and be founded upon a matter of contract, it is necessary to be strictly correct in stating such contract, it being matter of description. Hence, even in cases against a carrier, if the termini of the journey undertaken be misstated, the variance will be fatal.

5. In an action on the case by a passenger, against a railway company, to recover for a personal injury from negligence, the declaration alleged that the plaintiff became and was a passenger, to be carried from A to B, two stations on the road. There was no evidence that plaintiff became a passenger at A for B, but the court allowed the plaintiff to prove that he took passage at M to go to O, the stations A and B being intermediate stations between M and O. The defendant made objection to the evidence on the ground of a variance, which the court overruled : *Held,* that the court erred in admitting the evidence.

6. An averment in a declaration that the plaintiff "became and was a passenger on a railroad at A," to be carried to B for reward, is in effect a statement that he took the defendant's train at A for B, and had paid, or was ready to pay, his fare from the one point to the other, and will not be sustained by proof of the purchase of a ticket for carriage from C, a point on the road before reaching A, to D, a point several stations beyond B.

7. Same—*matter of description, though unnecessary, must be proved.* While it may be true that a plaintiff, in an action against a railway company, need not state the termini of his contract for carriage, and it may be sufficient for him to state, generally, that he became a passenger on defendant's road for being carried, yet if he goes into detail, and states the points from and to which he took passage, he must prove the express or implied contract as alleged.

8. Damages—*measure of damages.* On the trial of an action to recover damages for a personal injury, there being no allegation of any special engagement of the plaintiff with any person by which he might earn money, the court allowed the plaintiff to introduce evidence tending to prove that he, at the time of the injury, was receiving for his services as a traveling salesman $3000 per year : *Held,* that the admission of such evidence was error, and that such error was not cured by an instruction that the evidence was admitted for no other purpose than to show plaintiff's capacity to earn money, and must not be considered in any respect as a measure of damage.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. S. P. McConnell, Judge, presiding.

Mr. George B. Burnett, for the appellant:

The proof of the relation plaintiff sustained to defendant was variant from the allegation in the declaration, and should not have been admitted. 1 Chitty's Pl. 382, 384, 385; *Railroad Co.* v. *Sutton,* 53 Ill. 389; *Harris* v. *Rayner,* 8 Pick. 541; *Tucker* v. *Cracklin,* 2 Starkie, 385; *Banking Co.* v. *Tucker,* 79 Ga. 128; 3 Phillips on Evidence, 268.

Matter of description in the inducement must be proved as laid, even if unnecessarily made. 1 Chitty's Pl. 227; *Bell* v. *Senneff,* 83 Ill. 122; *Derragon* v. *Rutland,* 58 Vt. 128; *State* v. *Kopp,* 15 N. H. 212; Starkie on Evidence, 570, 572, 389; *Davidson* v. *Johnson,* 31 Ill. 533; Stephens' Pl. 237, 236; 1 Greenleaf on Evidence, sec. 58.

Messrs. Black & Fitzgerald, also for the appellant.

Messrs. Page, Eliel & Rosenthal, and Mr. J. W. Duncan, for the appellee:

It is sufficient if a contract is proved substantially as alleged. *Wheeler* v. *Reed,* 36 Ill. 81; *Keiser* v. *Topping,* 72 id. 226.

Mr. Justice Craig delivered the opinion of the Court:

This was an action brought by Oscar J. Friedman, against the Wabash Western Railway Company, to recover damages for a personal injury received on the first day of May, 1888, while plaintiff was a passenger on the defendant's line of road running from Moberly, Missouri, to Ottumwa, Iowa. The following map shows the line of defendant's road. The accident which resulted in the injury complained of occurred in

the State of Missouri, between Kirksville and Glenwood Junction, two stations indicated on the map:

Distance from Centralia to Moberly, 24 Miles; Distance from Moberly to Ottumwa, 131 Miles; Distance from Kirksville to Glenwood Junction, 25 Miles.

The declaration contained five counts, but they are all substantially alike. In the second count it is averred that defendant was, on May 1, 1888, operating a railroad from

Kirksville, Missouri, to Glenwood Junction, Missouri, and operating trains for the conveyance of passengers for reward, "and the said plaintiff, at said Kirksville, then became and was a passenger in a certain train of the said defendant on the said railroad, to be carried, and was accordingly then being carried, in the said train from Kirksville to said Glenwood Junction," for reward, etc.; that it became and was the duty of the said defendant to properly and safely construct and maintain the track and road-bed of said railway, but the defendant so negligently constructed and maintained the same that the same were not then safe for the use of passengers on defendant's trains, "and the rails of said track of said railroad were then and there in bad repair and condition, and a certain rail in the said track had become broken by reason of the said negligence of the said defendant, and thereby a certain car then being in the said train, and of a sort commonly called sleeping cars, was then and there thrown, with great force and violence, from and off the said track," and plaintiff, being then and there asleep, and in the exercise of due care, was thrown from the berth in said car in which he was sleeping, with great force and violence, across the car and into the opposite berth, "by means whereof, then and there, the spine and spinal column, including the spinal cord, of the said plaintiff became and were greatly bruised, hurt and injured, and the said plaintiff suffered and incurred an injury of the kind known as concussion of the spine," whereby he incurred expenditures in endeavoring to be healed, amounting to $5000, and became sick, lame, etc., "from thence hitherto" suffering great pain, and being prevented from attending to his business, and thereby losing profits, etc. In the conclusion of the declaration the plaintiff claimed damages amounting to $50,000.

The defendant pleaded the general issue, and on a trial before a jury the plaintiff recovered $30,000, and the judgment, on appeal to the Appellate Court, was affirmed.

It will be observed that in each count of the declaration the plaintiff, in stating where the relation of passenger and common carrier commenced, and when such relation existed between the plaintiff and the defendant, averred as follows: "And the said plaintiff, at said Kirksville, then became and was a passenger in a certain train of the said defendant on the said railroad, to be carried, and was accordingly then being carried, in the said train from Kirksville to said Glenwood Junction," for reward, etc. No evidence was introduced on the trial that the plaintiff became a passenger at Kirksville for Glenwood Junction, but the plaintiff testified that he took the sleeper at Moberly to go to Ottumwa, and that he had a ticket which read from Moberly to Ottumwa, which he had purchased at Moberly in the fall of 1867. The testimony offered for the purpose of proving the averment of the declaration was objected to on the ground of a variance between the evidence and the declaration, but the court overruled the objection and allowed the evidence to be introduced.

Upon the question of variance the defendant asked the court to instruct the jury as follows:

"The averment in plaintiff's declaration that he became a passenger in the train of defendant at Kirksville, Missouri, to be carried from said Kirksville to Glenwood Junction, is material, and must be proved as alleged; and if the jury believe, from the evidence, that said plaintiff did not, at the time in question, become a passenger in said train of defendant at said Kirksville to be carried to said Glenwood Junction, then the jury will find for defendant, regardless of all other questions in the case."

But the court refused to give the instruction as prayed, but qualified it by adding as follows, to-wit: "But if it appear, from the evidence, that plaintiff was a passenger on the train of the defendant between the points mentioned, traveling from a point south of said Kirksville to a point beyond Glenwood

Junction, then the averment in the plaintiff's declaration is sufficiently made out."

It may be said that the question involved is a technical one, and hence not entitled to that consideration which a court should give to a question which goes to the merits of an action. The plaintiff had the right, when the question was raised, to amend his declaration and thus obviate the difficulty, but he saw proper to take another course, and he occupies no position now to complain should the rules of law that control in such cases be strictly enforced against him.

But while the question involved may be regarded somewhat technical, still it will be remembered that the plaintiff is seeking to recover a large sum of money, and the defendant has the right to demand and insist that the grounds upon which the plaintiff claims a right of recovery should be clearly and concisely stated, and that the case made in the declaration should be proven as laid. If a plaintiff may allege in his declaration one ground of recovery and on the trial prove another, a defendant never could be prepared for trial. One great object of a declaration is to notify the defendant of the nature and character of the plaintiff's demand, so that he may be able to prepare for a defense; but if one ground of action may be alleged and another proven, a declaration would be a delusion, and instead of affording a defendant notice of what he was called upon to meet, it would be a deception. Here the plaintiff claimed that the relation of passenger and common carrier existed between him and the defendant, and that the defendant owed him a duty growing out of that relation. In speaking of a declaration in such a case, Chitty in his Pleadings says: "When the plaintiff's right consists in an obligation on the defendant to observe some particular duty, the declaration must state the nature of such duty, which, we have seen, may be founded either upon a contract between the parties, or on the obligation of law arising out of the defendant's particular character or situation, and the de-

fendant must prove such duty as laid, and a variance will, as in actions on contract, be fatal." (Page 382.) The same author also says : "In an action on the case founded on an express or implied contract, as, against an attorney, agent, carrier, inn-keeper or other bailee, for negligence, etc., the declaration must correctly state the contract, or the particular duty or consideration from which the liability results and on which it is founded, and a variance in the description of a contract, though in an action *ex delicto*, may be fatal as in an action *ex contractu*. The declaration in such case usually begins with a statement of the particular profession or situation of the defendant and his retainer, and consequent duty or liability. The declaration will be defective if it does not show that by express contract, or by implication of law, in respect to the defendant's particular character or situation, etc., stated by the plaintiff, the defendant was bound to do or omit the act in reference to which he is charged." (Page 384.)

It may, however, be said, that the statement in the declaration of the point from which and to which the plaintiff was being carried was mere inducement, and need not be proved as laid. Upon a question of this character, Chitty in his Pleadings (page 292) says : "In general, however, every allegation in an inducement which is material, and not impertinent and foreign to the cause, and which, consequently, can not be rejected as surplusage, must be proved as alleged, and a variance would be fatal ; and, consequently, great attention to the facts is necessary in framing the inducement, and care must be taken not to insert any unnecessary allegation." If, therefore, the allegation is to be regarded as inducement, it was necessary to prove it as alleged. And at page 385 the author further says : "It is also a rule, that if a necessary inducement of the plaintiff's right, etc., even in actions for torts, relate to and describe and be founded on a matter of contract, it is necessary to be strictly correct in stating such contract, it being matter of description. Thus, even in case

against a carrier, if the termini of the journey which was to be undertaken be misstated the variance will be fatal. Here the allegation in the inducement relates to matter of description."

*Harris* v. *Rayner*, 8 Pick. 541, is a case in point. The action was brought to recover for an injury sustained by the oversetting of a stage coach. The plaintiff alleged in his declaration that he paid defendants for his passage in their stage from Albany to Boston ten dollars, the usual fare for said passage, and defendant, in consideration thereof, undertook and promised carefully to transport plaintiff in said passage from Albany to Boston. In support of the declaration plaintiff proved that he was in a stage coach from Worcester to Boston, and that just as he arrived at Boston the coach was overset by the carelessness of the driver, and he was thereby injured. It was held that the evidence did not prove the contract set out in the declaration, and in passing upon this point the court said: "We think there was no sufficient proof, at the trial, of the contract as alleged in the declaration. The declaration alleges a contract on the part of the defendants to transport the plaintiff from Albany to Boston. The proof was that the plaintiff rode in defendants' stage from Worcester to Boston, and although this is part of the route from Albany to Boston, yet it is part also of many other lines of travel, so that the contract as alleged remains without proof."

In *Tucker* v. *Cracklin*, 2 Starkie, 385, and in *Railroad and Banking Co.* v. *Tucker*, 79 Ga. 128, actions were brought against carriers for the loss of goods, and in each case it was held that a variance between the proof and allegation as to the termini of the carriage was fatal. In 3 Phillips on Evidence, page 268, the author says: "The plaintiff will be nonsuited if the termini of the journey are not correctly set forth." In *Illinois Central Railroad Co.* v. *Sutton*, 53 Ill. 398, the point was made that an averment in the declaration of defendants undertaking to convey the plaintiff from West Urbana to Tolono is not sustained by proof of an undertaking to convey

from Champaign City to Tolono. In disposing of the question of variance it is said: "It would appear from the testimony that West Urbana and Champaign City are one and the same place, consequently there was no variance."

The averment in plaintiff's declaration that he became and was a passenger at Kirksville to be carried to Glenwood Junction, for reward, was, in effect, a statement that he took the defendant's train at Kirksville for Glenwood Junction' and that he had paid, or was ready to pay, his fare from one point to the other when called upon, whereupon there was an implied contract on the part of the railway company to safely carry him from one point to the other. We think it plain that the averment in plaintiff's declaration was not sustained by proof that he became a passenger at Moberly for Ottumwa. It may be true that plaintiff stated more in his declaration than he might have stated,—that he might have relied upon an allegation that he was a passenger upon defendant's cars, being carried for reward, without stating definitely the termini of his journey on defendant's line of road; but having gone into detail in his allegations the law requires him to prove them as laid. What is said in *Bell* v. *Senneff*, 83 Ill. 125, is in point here: "As a general rule a party is required to prove the averments of his pleadings as he makes them. He may aver more than is required, but, as a general rule, he must prove them, although unnecessarily made." In *Derringo* v. *Rutland*, 58 Vt. 128, it was held that every averment which the pleadings make material as a descriptive part of a cause of action must be proved as alleged, and any variance which destroys the legal identity of the matter or thing averred with the matter or thing proved, is fatal. In *State* v. *Kopp*, 15 N. H. 212, it is said: "It is a most general rule that no allegation which is descriptive of the identity of that which is legally essential to the claim or charge can be rejected." (See, also, 1 Phillips on Evidence, 709, 710; Stephens' Pleading, p. 124, appendix.) Here the plaintiff was

bound to allege that he was a passenger on defendant's train of cars for reward. This was material, and the further averment that he became a passenger at Kirksville for Glenwood Junction was descriptive of the identity of that which was legally essential. It could not be rejected or disregarded.

In conclusion, we think it plain, under the authorities, that there was a variance between the proof and the declaration, and the court erred in the admission of the evidence and in the modification of defendant's instruction.

On the trial the plaintiff was permitted, against the objection of the defendant, to introduce evidence tending to prove that the plaintiff, at the time of the injury, was receiving a compensation for his services as a traveling salesman of $3000 per annum. The declaration contained no allegation of any special contract or engagement of the plaintiff with any person, under which he might earn money for his services. In *Chicago West Division Railway Co.* v. *Klauber*, 9 Ill. App. 613, in discussing a question of this character, it is said : "Neither of these allegations points to any damages growing out of or depending upon the peculiar circumstances or business of the defendant. In *Tomlinson* v. *Derby*, 43 Conn. 562, the plaintiff was injured by means of a defective highway, and his allegation was, that he was thereby 'prevented from transacting his ordinary business,' and it was held, that under such allegation he could not show that he was earning $100 a month in carting and sawing timber. So in *Taylor* v. *Monroe*, 43 Conn. 36, under a similar allegation, it was held that the plaintiff could not show that she was a button-maker, and what wages she earned in that business. In *City of Chicago* v. *O'Brennan*, 65 Ill. 160, the plaintiff brought suit for an injury caused by the falling of a portion of the brick and plastering in the common council chamber in the city. The allegation in the declaration was, that the plaintiff, who was pursuing his occupation as journalist, was injured, etc., and thereby the plaintiff, as lawyer, lecturer and journalist, became and was

sick, sore and incapacitated from attending to his business, and so continued for a long time, to-wit, for two months, and as regards plaintiff's profession as a lecturer, he has been almost wholly, ever since, disabled from pursuing it. It was held that under these allegations the plaintiff could not give in evidence the fact of a particular engagement to lecture in Virginia, and the probable gains thereof. The court say: 'In order to subserve the ends of good pleading, which are to apprise the opposite party of the nature of the claim and prevent surprise, it was necessary that these special damages, and the facts on which they were based, should have been set out in the declaration.' *Baldwin* v. *Western Railroad Co.* 4 Gray, 333."

*City of Bloomington* v. *Chamberlain,* 104 Ill. 272, is also a case in point. There the admitted evidence was held not to be erroneous, but the ruling was placed on the express ground that the evidence was not as to the loss of profits of a particular engagement. Had the evidence gone to that extent, as is the case here, it is plainly laid down that the evidence would have been erroneous, as held in *City of Chicago* v. *O'Brennan,* 65 Ill. 160. This is apparent from what is said in the opinion of the court on page 274.

We think the rule established in the cases cited is the correct one, and the court erred in the admission of the evidence. It can not be said that the error was a harmless one, as the evidence was of a character calculated to produce on the minds of the jury an impression that the plaintiff, on account of his capacity to earn a large salary before the injury, which he had lost by the accident, and hence should recover large damages.

It may, however, be said that the error was cured by an instruction given by the court, as follows:

"The court permitted the testimony of what plaintiff was earning at the time of the injury charged. This testimony was admitted for no other purpose than to show plaintiff's capacity to earn money, and must not be considered, in any respect, as a measure of damage."

It is not entirely clear what the instruction means. While the court directed the jury that the evidence was not to be considered as a measure of damage, the court failed to point out what use they should make of the evidence. The court ruled, when the evidence was offered, that it was competent for the consideration of the jury. That ruling was never changed. The evidence was allowed to remain with the jury for their consideration, and it could have no other effect than to swell the damages. Had the court, when it was ascertained that an error had been committed in admitting it, excluded the evidence entirely from the consideration of the jury, the error would in a great measure have been removed. But that course was not pursued. The instruction did not, in our judgment, cure the error.

For the errors indicated, the judgments of the Appellate and circuit courts will be reversed and the cause remanded.

*Judgment reversed.*

On overruling of petition for rehearing on October 23, 1893, the following dissenting opinion was filed by Mr. JUSTICE MAGRUDER:

It seems to me that the petition for rehearing in this case has demonstrated beyond question the right of the appellee to a rehearing. First, the declaration is sufficient as a declaration upon the common law liability of the carrier. Second, the declaration alleges that the plaintiff "was hindered and prevented from transacting and attending to his business and affairs, and lost and was deprived of divers great gains, profits and compensation, which he might and otherwise would have made and acquired." This was a sufficient allegation of special damage to justify the admission of evidence, that plaintiff at the time of the injury was receiving a compensation for his services as a traveling salesman of $3000.00 per annum, under the decision made in *City of Bloomington* v. *Chamberlain*, 104 Ill. 268. In the latter case, the allegation

in the first count of the declaration was that "plaintiff was hindered from transacting her business and affairs and deprived of large gains and profits which she otherwise would have earned," and, in the second count, "that she had been rendered unable to earn or make for herself a living and had been deprived of large gains and profits which she otherwise would have earned." Under these allegations the plaintiff was there permitted to testify, that she had taught school at $50.00 per month. If the law is a science of precedents, no instance can be found where a precedent so exactly fits a subsequent state of facts, as the *Chamberlain* case fits the facts disclosed by the record in the case at bar upon the second point here designated.

BAKER, C. J., and BAILEY, J.: We concur with Mr. Justice MAGRUDER in the foregoing.