## McCormick Harvesting Machine Co. v. August Sendzikowski.

1. VARIANCE—*A Variance Held Fatal.*—That the allegations and proofs must correspond, is elementary, and in a suit by a servant against his master for injuries caused by a defective tool, proof that the servant asked for and the master agreed to furnish a new tool, does not sustain an allegation that the defect was unknown to the servant.

2. SAME—*Time at Which the Question Should be Raised.*—It is immaterial when the question of variance is called to the attention of the trial court, if it is done at the trial at a time when the plaintiff may avoid the variance by amendment of his pleadings.

3. EVIDENCE—*Certain Evidence Held Not to be Hearsay Evidence.*— The objection made in this case, that it was error for the court to allow the appellee to testify as to conversations between himself and another employe of appellant, as to what appellant's foreman told such employe when appellee was not present, can not be sustained because it appears that such employe and appellee were acting under the orders of the foreman, in doing work the foreman ordered them to do, and that such employe was directed by the foreman to convey his order to do the work to appellee.

4. INSTRUCTIONS—*Undue Prominence of Particular Words.*—The court holds that certain instructions asked for in this case were properly refused because undue prominence was given to certain words by using large type in printing them, the remainder of the instructions being in type about half as large.

5. MASTER AND SERVANT—*Promises by Master to Repair Defective Machinery.*—When a master, on being notified of defects in machinery by a servant, promises to make the needed repairs, the servant may remain in the employment a reasonable time, to permit the performance of the promise, without being guilty of negligence. And the promise need not be to repair immediately; a promise to repair within a reasonable time is sufficient.

6. PRACTICE—*Special Interrogatories Must Relate to Ultimate Facts.* —Special interrogatories, to be submitted to the jury, must relate to ultimate facts decisive of the case.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding.

McCormick Harvesting Machine Co. v. Sendzikowski.

Heard in this court at the October term, 1897.. Reversed and remanded. Opinion filed December 23, 1897.

UNDERWOOD & BUTLER, attorneys for appellant.

"It is a rule of pleading subject to no exception, that a party must recover, if at all, on and according to the case he has made for himself in his declaration. He is not permitted to make one case by his allegations and recover on a different case made by the proof." Moss et al. v. Johnson, 22 Ill. 633; Wolsey v. Ellenville, 23 N. Y. Supp. 410; Long v. Doxey, 50 Ind. 385; Waldhier v. Hannibal, etc., R. Co., 71 Mo. 514; Buffington v. Atlantic, etc., R. Co., 64 Mo. 246; Chicago, B. & Q. R. R. Co. v. Magee, 60 Ill. 529; Toledo, W. & W. Ry. Co. v. Foss, 88 Ill. 551; Toledo, W. & W. Ry. Co. v. Beggs, 85 Ill. 80; Ebsery v. Chicago City Ry. Co., 164 Ill. 524.

"The law is well settled that in a case of this kind the allegations of the declaration, and the proofs, must agree, and the plaintiff can not charge in his declaration a specific act of negligence and succeed on the trial by proving another act of negligence wholly different from that charged." Chicago, B. & Q. R. R. Co. v. Dickson, 143 Ill. 368.

The same doctrine has been repeatedly declared in innumerable decisions in this State. It is applicable in equity as well as in law. Tuck v. Downing, 76 Ill. 71; Chicago & A. R. R. Co. v. Michie, 83 Ill. 427; Dowden v. Wilson, 108 Ill. 257; Kidder v. Vandersloot, 114 Ill. 133; Boone v. Clark, 129 Ill. 466; Dougherty v. Catlett, 129 Ill. 431; Purdy v. Hall, 134 Ill. 298; Coale v. Moline Plow Co., 134 Ill. 350; Reed v. Reed, 135 Ill. 482; Terre H. & I. R. R. Co. v. Peoria & P. U. Ry. Co., 167 Ill. 296.

"If a plaintiff could allege in his declaration one ground of recovery and on the trial prove another, a defendant could never be prepared for trial. One great object of a declaration is to notify the defendant of the nature and character of the plaintiff's demand so that he may be able to prepare for a defense; but if one ground of action may be alleged and another proven, a declaration would be a

○

delusion, instead of affording defendant notice of what he was called upon to meet. Wabash W. Ry. Co. v. Friedman, 146 Ill. 583.

The object of compelling a party, objecting on the ground of variance, to raise the question in the trial court, is to afford the opposite party the opportunity of amending his pleadings. So long as the opportunity to amend the pleadings is afforded, it is not too late to raise the question of variance in the trial court. We understand the purport of all the decisions in this State to be, that if the question of variance is properly raised on the trial, either by objecting to the evidence when offered, or by a motion made to the court after the evidence has all been produced, to exclude the same from the jury, or by a motion to instruct the jury to find for the defendant, the same is sufficient. The party seeking to raise the question of variance may select any of these various modes that he may see fit to adopt during the progress of the trial of the case. Lake S. & M. S. Ry. Co. v. Ward, 135 Ill. 511; Wabash W. Ry. Co. v. Friedman, 146 Ill. 583; Libby, McNeill & Libby v. Scherman, 146 Ill. 540; Harris v. Shebek, 151 Ill. 287.

The duty rests on the servant to observe whether the machinery furnished him is in repair, and if tools are furnished him in good condition and become defective and out of repair afterward, he must report to the master that fact. He must cease working with defective machinery as soon as he discovers its defectiveness. Monmouth, M. & M. Co. v. Erling, 148 Ill. 521; Toledo, W. & W. R. R. Co. v. Eddy, 72 Ill. 138; Richardson v. Cooper, 88 Ill. 270; Chicago & N. W. Ry. Co. v. Jackson, 55 Ill. 492; Illinois Cent. R. R. Co. v. Jewell, 46 Ill. 99.

It is now uniformly stated by text writers that where a master, on being notified by the servant of defects that render the service he is engaged to perform more hazardous, expressly promises to make immediate repairs, the servant may continue in the employment a reasonable time to permit the performance of a promise in that regard, without being guilty of negligence. Missouri Furnace Co. v. Abend, 107 Ill. 44; Swift & Co. v. Madden, 165 Ill. 41.

The law is that when the servant becomes aware of the extra hazard in his employment, it is his duty to quit working at once, or notify the master and call upon him to remedy the defect. He is only justified in remaining in his employment and working with a defective tool after he has brought notice of the defect home to the master, upon the express promise of the latter that he will remedy the defect within a reasonable time. Waldron v. Alexander, 136 Ill. 550; Chicago, Milwaukee & St. P. Ry. Co. v. O'Sullivan, 143 Ill. 48; Chicago, B. & Q. R. R. Co. v. Dickson, 143 Ill. 368; Camp. Pt. Mfg. Co. v. Ballou, 71 Ill. 417; Chicago & A. R. R. Co. v. Munroe, 85 Ill. 25.

Hurley & Koerner and W. E. Oden, attorneys for appellee.

Mr. Justice Windes delivered the opinion of the Court.
This is the second appeal of this case to this court. (58 Ill. App. 418.) On the first appeal by the plaintiff below, appellee on this appeal, the judgment was reversed, the court having instructed a finding for defendant. A second trial has resulted in a verdict for appellee of $7,500 and judgment thereon, from which this appeal is taken. Appellant claims there was a fatal variance between plaintiff's declaration and the proof; that there was error in the giving and refusing of instructions; that the court admitted improper evidence for plaintiff; that there was not evidence to sustain the verdict; that the injury was caused by an assumed hazard, and that there was error in refusing the second special finding submitted for the jury.

The first count of the declaration alleges, in substance, that on May 7, 1890, the plaintiff was an employe of the defendant; that defendant was engaged in the business of manufacturing and selling agricultural implements and machinery in Cook county, Illinois, and that it was the duty of defendant to furnish plaintiff safe and suitable machinery, tools, utensils and appliances in good order and condition for use in his employment; that defendant did

not regard its duty in that behalf, but did furnish, by its servant, its foreman, to an employe of defendant, for use, a chisel which contained a flaw or defect, which fact was well known to the said foreman, but unknown to plaintiff, and defendant made default therein, and did not regard its duty; and while plaintiff and one of the other employes of defendant, on said day, with due care and diligence, were using said chisel in the performance of their duties in the business of defendant, the chisel so carelessly, negligently and improperly furnished, by reason of said defect or flaw, and while in ordinary use, was then and there caused to and did break, and a piece of said chisel struck plaintiff with great force and violence in the left eye, totally destroying the sight thereof, and permanently injuring plaintiff, etc.

By an additional count it was alleged, in substance, in addition to the allegations of the first count above stated, that defendant did not regard its duty, but on the contrary furnished plaintiff, for use, a chisel which contained a flaw or defect, which fact was well known to defendant, but was unknown to plaintiff, and therein defendant made default, and did not regard its duty, and on said day, while plaintiff and one of defendant's employes, with due care and diligence were using said chisel in the performance of their duties in the business of defendant, the chisel so carelessly, negligently and improperly furnished by defendant, and by reason of said defect or flaw, and while in ordinary use, was then and there caused to and did break, and a piece struck the plaintiff with great force and violence in the left eye, totally destroying the sight, and permanently injuring the plaintiff, by reason whereof the right eye of plaintiff has also become greatly weakened and injured, and the sight thereof greatly impaired; and plaintiff is informed by his physician that he will probably become totally blind, and thereby plaintiff was otherwise hurt, etc.

Appellant filed the general issue to the above counts.

On the trial the jury answered yes to the first special finding, to wit: " Did the plaintiff after he knew of the alleged defect in the chisel with which he was working,

continue to work with it, under the promise of the defendant that the defendant would repair the defect, or furnish a good chisel in the place of the one with which he was working ? "

The jury also answered no to the third special finding, to wit : "Was not the injury received by plaintiff the result of one of the ordinary and well known risks of employment in which he was engaged, and which he assumed while working in the employ of defendant, as a chipper of castings ? "

The preponderance of the evidence justifies both said special findings.

Both counts of the declaration allege that the flaw or defect in the chisel which caused the injury was unknown to the plaintiff; in the first, that it was well known to appellant's foreman, and in the additional count that it was well known to defendant.

The evidence shows, and the jury found as above stated, that plaintiff knew of the defect in the chisel and continued to work with it after such knowledge. That the allegations and proof must correspond—must agree—is elementary. They do not agree in this case, and the variance is fatal if it was properly presented to the court in apt time. Illinois C. R. R. Co. v. McKee, 43 Ill. 119; Toledo, W. & W. Ry. Co. v. Beggs, 85 Ill. 80; Chicago, B. & Q. R. R. Co. v. Bell, 112 Ill. 360; Chicago, B. & Q. R. R. Co. v. Dickson, 143 Ill. 368; Wabash W. Ry. Co. v. Friedman, 146 Ill. 583; Terre H. & I. R. R. Co. v. Peoria & P. U. Ry. Co., 167 Ill. 296.

In the Friedman case, *supra*, the court say, speaking of the question of variance : " It may be said that the question involved is a technical one, and hence not entitled to that consideration which a court should give to a question which goes to the merits of an action, and plaintiff had the right, when the question was raised, to amend his declaration, and thus obviate the difficulty, but he saw proper to take another course, and he occupies no position now to complain should the rules of law that control in such cases

be strictly enforced against him. * * * If the plaintiff may allege in his declaration one ground of recovery, and on the trial prove another, a defendant never could be prepared for trial. One great object of a declaration is to notify the defendant of the nature and character of the plaintiff's demand, so that he may be able to prepare for a defense; but if one ground of action may be alleged and another proven, the declaration would be a delusion, and instead of affording a defendant notice of what he was called upon to meet, it would be a deception."

According to the declaration in the case at bar, the very gist of the plaintiff's right to recover was in the fact that he did not know of the defect in the chisel which caused his injury, and appellant had the right to prepare its defense with reference to that fact, and rely upon the allegations of the declaration in that regard. It seems that the case was tried on the theory of an order by the foreman to plaintiff to work with the defective chisel, and a promise to supply a chisel without defect. That was not the case alleged. No order or promise to plaintiff is set out in the declaration. At the close of all the evidence, appellant's attorneys moved the court to give the following instruction, viz.: "The court instructs the jury to find the defendant not guilty." And appellant's attorneys then and there stated to the court, in support of their motion to give said instruction, that they did so upon the following grounds: "First, that in the original declaration it was alleged that the defendant by its then servant or agent, to wit, its foreman, did furnish to one of the employes of said defendant, for use, a chisel which contained a flaw or defect, which fact was well known to said foreman, but was unknown to the plaintiff, and therein did make default, etc.; and secondly, in the additional count of said declaration, filed November 14, 1892, the plaintiff charged that the defendant did furnish to the plaintiff, for use, a chisel which contained a flaw or defect, which fact was well known to the defendant, but was unknown to the plaintiff, and therein did make default, etc.; whereas the evidence in the case shows conclusively and

without question that the plaintiff did know of the alleged flaw or defect in the chisel described in the declaration and in the additional count thereto, and that after examining said chisel sent his fellow-laborer to the foreman of the defendant to see if he could get another chisel in its place, and was told, so he says, to go on working for awhile with said alleged defective chisel; and that by reason thereof the facts alleged in said declaration and the facts shown by the evidence and proved upon the trial constitute a fatal variance."

But the court refused to give said instruction, and no motion was made by plaintiff to amend his declaration.

The question of variance was thus fully and specifically presented to the court and in apt time.  City of Mattoon v. Fallin, 113 Ill. 249; Lake S. & M. S. Ry. Co. v. Ward, 135 Ill. 511; Wabash W. Ry. Co. v. Friedman, 146 Ill. 583; Libby v. Scherman, 146 Ill. 540; Probst Construction Co. v. Foley, 166 Ill. 31.

In the Ward case, *supra*, in which the motion to instruct for defendant was made at the close of all the evidence, without noticing the fact that the motion was not made at the time the particular evidence was cffered, the court said : " It was incumbent upon the defendant to indicate and point out in what the variance consisted, so as to enable the court to pass upon the question intelligently, and also to enable plaintiff to so amend her pleadings as to make it conform to the evidence, and thus avoid defeat upon a point in no way involving the merits of her claim.  Under our statute the amendment might have been instantly made, subject only to such terms as the court might have seen fit to impose, and the cause might then have proceeded as though no variance had ever existed."

In the Foley case, *supra*, in which a motion was made at the close of the plaintiff's testimony, the court said:  " In order to raise the question of variance, it was necessary for the defendant to indicate specifically the variance and point out in what it consisted, so as to enable the court to pass upon the question intelligently, and also to enable the plaintiff to

so amend his pleadings as to make it conform to the evidence. The defendant not having done this, but having charged a variance only in general terms, the objection must be considered as waived, and the question of variance can not be raised here." (Citing cases.)

It would therefore seem immaterial when the question of variance is called to the attention of the trial court so it is done at the trial at a time when plaintiff may avoid the variance by amendment of his pleadings.

There are cases holding that the variance must be called to the attention of the court at the time the evidence is offered, but in none of those cases does it appear that the court had under consideration the question here involved.

The claim that appellant can not now insist upon the variance because it was made in the former appeal, is not tenable because it does not appear that this court then considered that question, evidently supposing that on another trial it would be avoided by amendment.

The error complained of as to appellee's instruction may be avoided by amendment of the declaration to conform to the proof which justified this instruction.

The complaint that it was error for the court to allow testimony of the appellee as to conversations between him and his witness as to what appellant's foreman told the witness when appellee was not present, can not be sustained, because it appears that the witness and appellee were acting under the orders of the foreman in doing the work the foreman ordered them both to do. The witness was directed by the foreman to convey his order to appellee to do the work.

As to the question of assumed hazard, that was a question of fact for the jury, on which there was a conflict of evidence, and the jury found in favor of the appellee, and we are not prepared to hold that this finding was against the clear preponderance of the evidence. The same may be said as to the general verdict for appellee, had the allegations of the declaration agreed with the evidence. 58 Ill. App. 418.

As to appellant's instructions two, three and five, refused by the court, it was sufficient ground to refuse them that undue prominence was given to the words "not guilty" by using enlarged type in printing them, the remainder of the instructions being in small type about one-half the size of the words "not guilty." Wright v. Brosseau, 73 Ill. 381; Hoyer v. Salsbury, 7 Ill. App. 97.

The fourth of appellant's refused instructions was sufficiently covered by the eighth and tenth given. The sixth instruction was properly refused because in case of a promise to repair, it need not be that the promise should be of immediate repair, as is stated in this instruction. It is sufficient that the promise to repair was within a reasonable time. Fairbank v. Haentzsche, 73 Ill. 236; Missouri Fur. Co. v. Abend, 107 Ill. 51, and cases cited.

Appellant asked the court to submit the following special finding to the jury, viz.:

"Was it possible at the time the plaintiff was injured to supply him with a chisel which would chip castings, such as he was working upon, under blows of a sledge hammer wielded by a workman, and yet such chisel not chip off or break off while so in use?"

This was properly refused, because it did not embody an ultimate fact decisive of the case. Lake E. & W. R. R. Co. v. Morain, 140 Ill. 121, and cases cited.

The judgment is reversed and the cause remanded.