### West Chicago St. R. R. Co. v. Anna Kautz.

1. INSTRUCTIONS—*As to the Issues of the Case.*—It is error to refuse an instruction which informs the jury as to the issues of the case.

2. SAME—*Calling Attention to a Variance of the Proof and the Declaration.*—Where the declaration alleged that the plaintiff was thrown from a wagon by force of a collision, but the evidence of the witnesses showed that the plaintiff jumped from the wagon, the defendant is entitled to have the jury instructed in accordance with the evidence of the witnesses, that if they believed such evidence, that the plaintiff jumped out of the wagon, their verdict should be for the defendant.

Action in Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed May 21, 1900.

JOHN A. ROSE and LOUIS BOISOT, JR., attorneys for appellant.

W. W. GURLEY, of counsel.

WHITE & MABIE, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee was injured October 8, 1892, by appellant's grip car, brought suit for damages, a trial of which before the court and a jury resulted in a verdict in her favor, but a new trial was awarded by the court. A second trial resulted in a like verdict and judgment thereon against appellant for $2,500, from which this appeal is taken.

The amended declaration under which the last trial was had, in each count alleges that by the collision of appellant's grip car with the wagon in which plaintiff was riding, the vehicle was jostled and "plaintiff was thrown out with great force and violence to the ground, and thereby was greatly hurt," etc.

The following instructions requested by appellant were refused, viz.:

"19.   The issues you are sworn to try in this case are as follows:

"Was the grip car which collided with the wagon in question carelessly and improperly driven and managed by the servant or servants of the defendant?

"Was the grip car traveling at an unnecessarily high rate of speed?

"Did the servant or servants of defendant in charge of the grip car know that plaintiff was in a position of peril in time to have stopped the car in time to avoid the collision by the use of reasonable care on their part?

"Could the servant or servants of defendant in charge of the grip car by the use of reasonable care have seen that the plaintiff was in a position of peril in time to have stopped the grip car before the collision?

"Was the plaintiff at and just before the time of the collision using reasonable care and caution for her own safety?

"If you conclude that the greater weight of the evidence does not show that the plaintiff was using such care and caution for her own safety, you need not concern yourselves with the other issues, because in no event can the plaintiff be entitled to recover a verdict unless it has been shown by the greater weight of the evidence that such care and caution was used by the plaintiff.

"If you do find from the greater weight of the evidence that such care and caution was used by plaintiff, you will examine the evidence bearing upon the other issues, and if you do not find that the greater weight of the evidence, taken as a whole, will warrant you in answering one or more of them in the affirmative, you should find the defendant not guilty."

"22.   If you believe from the evidence that the plaintiff jumped from the wagon, you should find a verdict in favor of the defendant."

Instruction 19 properly states the issues in the case under

West Chicago St. R. R. Co. v. Kautz.

the pleadings and the evidence, which were care of plaintiff and negligence of the defendant, and no other instructions given do state them fully. It was error to refuse this instruction, it being the duty of the court to instruct the jury as to the issues of the case. I. C. R. R. Co. v. King, 179 Ill. 91; Moshier v. Kitchell, 87 Ill. 18; Forbes v. Jasen, 6 Ill. App. 400; R. R. Co. v. Groshon, 51 Id. 463; 2 Shinn's Pl. & Prac., Sec. 929; 2 Thompson on Trials, Secs. 2314 and 2582; Dashler v. Wisley, 32 Mo. 498; Bradshaw v. Mayfield, 24 Tex. 481; Bryan v. Ry. Co., 63 Ia. 464.

The 22nd instruction should have been given. Two witnesses testified that appellee jumped from the wagon. The declaration, as we have seen, alleges that plaintiff was thrown out by the force of the collision. The plaintiff must prove her case as she alleges it, and defendant was entitled to have the jury instructed in accordance with the evidence of these two witnesses, that if they believed their evidence that appellee jumped out of the wagon, then that the verdict should be for the defendant. I. C. R. R. Co. v. C. T. & Trust Co., 79 Ill. App. 623; Wabash & W. Ry. Co. v. Friedman, 146 Ill. 583–8.

It is not a simple matter of variance of the proof from the declaration which was not called to the attention of the court, as contended by counsel for appellee. The matter was presented to the court by the instruction asked, and it was error to refuse it. McCormick, etc., Co. v. Sendzikowski, 72 Ill. App. 402–7, and cases there cited.

No other reversible error as to rulings on instructions is presented. The substance of appellant's instruction No. 20, refused, was given in No. 18.

It is unnecessary to consider other questions argued, as they may not arise on another trial.

The judgment is reversed and the cause remanded.