## Joseph Jorias v. Illinois Steel Co.

1. PRACTICE—*Material Allegations to be Proved as Stated.*—In general, every allegation in an inducement which is material, and not impertinent and foreign to the cause of action, and which consequently can not be rejected as surplusage, must be proved as alleged, and a variance will be fatal.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 4, 1902.

THEODORE PROULX, attorney for plaintiff in error; E. M. BUMPHREY and OSSIAN CAMERON, of counsel.

KEMPER K. KNAPP, attorney for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This was an action to recover damages occasioned by alleged negligence in and about the steel mill of appellee.

The declaration as amended, we presume, charged the negligence to consist in carelessly failing to use ordinary care and diligence in the construction and maintenance of "a certain appliance of said steel mill, known as, to wit, a cupola," or open hearth furnace, "wherein the plaintiff in the discharge of his duties as a servant of the defendant, was required to work, and that the defendant negligently allowed the walls of the cupola, or open hearth furnace, to become defective and loose and unstable, and defendant had notice of such loose and unstable condition of the walls of the cupola, or open hearth furnace, but plaintiff had no notice, and by means of the premises and without the fault of the plaintiff and without the fault of any fellow-servant or fellow-servants with the plaintiff, while plaintiff was at work in said cupola, or open hearth furnace, then and there, the walls of said cupola, or open hearth furnace, fell upon and against plaintiff, plaintiff being throughout all of said occurrences in the exercise of all due care and caution on

his part; and by reason of the premises plaintiff received severe bodily injuries.

The defendant pleaded not guilty and also the statute of limitations. At the conclusion of the plaintiff's case the defendant asked the court to instruct the jury to find the defendant not guilty. Thereafter the plaintiff, upon leave, amended his declaration by inserting certain words. To the declaration as thus amended the defendant demurred generally and specifically, and the court sustained the demurrer. Thereupon the court instructed the jury to find the defendant not guilty, which the jury did. The plaintiff then moved for a new trial; which motion the court overruled and entered judgment for the defendant.

The amendment to the declaration made by leave of court is stated in the abstract to have been made by inserting after the word "cupola" in the tenth line, on the first page of plaintiff's declaration, the following: "or an open-hearth furnace;" and inserting the same words after the word "cupola" in the fifth, eighth, and twelfth lines on second page of plaintiff's declaration.

It is impossible from the record or abstracts filed in this court to determine with certainty what the declaration, as amended, is.

The judge of the Circuit Court knew as to this, because the originals were before him; and the language of the tenth line of the first page and of the fifth, eighth and twelfth lines of the second page of the declaration first filed, as well as the context of these lines, he knew, and consequently ascertained without difficulty, the true significance of the amended *narr*.

Had an engrossed copy of the amended *narr*. been filed and presented to the court below, we should have had the same knowledge of its contents that did the trial court.

We conjecture that the amended *narr*. described the " appliance," alleged to have been defective, as " what is known as, to wit, a cupola or an open hearth furnace."

The plaintiff testified : "I worked in the furnace—by the furnace, in the open hearth. I carried the bricks out."

There is nothing in the evidence by which either court or jury below or this court can determine whether the appliance was a cupola or an open hearth furnace or that which is known as either.

Appellant urges that all that is alleged, as to the appliance being what is known as a cupola or open hearth furnace, is immaterial and can be rejected as surplusage.

We do not understand that a cupola furnace and an open hearth furnace are, necessarily or generally, the same thing. There was no evidence to such effect nor that what is known as a cupola furnace is also known as an open hearth furnace.

If the words " cupola, or open hearth furnace," be disregarded, the declaration will then be incomplete. The word " cupola " is repeated in the single count of the declaration nine times, and the entire description of the alleged negligence and accident is so related to such word that it can not be removed from that we think to be the tenth line of the first page and the fifth and twelfth lines of the second page of the declaration and leave an intelligent description of either the alleged negligence or action.

In general, every allegation in an inducement which is material and not impertinent and foreign to the cause, and which consequently can not be rejected as surplusage must be proved as alleged and a variance will be fatal. Wabash Western Ry. Co. v. Friedman, 146 Ill. 583.

The evidence did not sustain the original declaration nor that which we think to have been the amended *narr.*

The judgment may be sustained either upon the demurrer or the verdict. The judgment of the Circuit Court is affirmed.