## Chicago City Railway Company v. John B. Math, Administrator, etc.

### Gen. No. 11,181.

1. COLLISION—*form of instruction pertaining to, approved.* An instruction as follows: "If the jury believe from the evidence that Charles Rietzl, while riding on the footboard of the defendant Chicago City Railway's car in question, was injured by reason of a wagon coming in contact with the side of the said car, and if the jury further believe from the evidence that the servants in charge of said car, under all the circumstances shown by the evidence, could not have avoided the collision between the said wagon and the said car by the exercise of the highest degree of care and caution reasonably consistent with the practical operation of said car, and if the jury further believe from the evidence that the said collision was caused by the swinging or turning of said wagon after the front of the car had passed it, so that some part of said wagon swung into or struck against the side of said car and caused the injury complained of, then the jury should find the defendant, Chicago City Railway Company, not guilty,"— held good.

2. UNDUE PROMINENCE—*rule that instructions must nct give, to particular theory.* This rule, however, is subject to the one that each party to a cause is entitled to instructions hypothetically outlining the evidence and state of the case upon which he relies for obtaining a verdict, and directing the jury to find for the party in whose favor they find the facts constituting either the cause of action or the defense.

3. ARGUMENTS OF COUNSEL—*what improper by way of.* In a suit to recover damages for alleged negligence in killing, language as follows : " There is no recompense that can in any way compensate a father or parent for the loss of a child. There is no money, nothing under the sun,"—is improper, prejudicial and ground for new trial.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed June 3, 1904.

WILLIAM J. HYNES, JAMES W. DUNCAN and C. LEROY BROWN, for appellant; MASON B. STARRING, of counsel.

GEMMILL & FOELL, for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

This is an appeal from a judgment for $3,800, recovered by appellee against appellant for its alleged negligent killing of Charles A. Rietzl, a boy fourteen years old, who, while riding on the east foot-board of appellant's north-bound electric car on Clark street, near Fourteenth, in Chicago, was thrown to the ground and killed in consequence of a collision between said car and a truck wagon of the Joseph Stockton Company.

The declaration, as amended, charged that by reason of the negligence of appellant in managing and operating its car at a careless and reckless rate of speed, and of the negligence of the Stockton Company in driving its truck wagon and a team of horses attached thereto, the deceased was caught between the car and the wagon and knocked from the car, and so injured that he died therefrom three days later. The jury found the Joseph Stockton Company not guilty, and assessed damages against appellant at $5,000, from which the court required a remittitur of $1,200.

The deceased and another boy of the same age got upon appellant's car about a mile south of the place of the acci-

dent and remained standing upon the east foot-board until the car, proceeding northward, came near Fourteenth street, which runs into Clark from the east, but does not cross it. Before the car reached the corner of the two streets, the driver of the wagon, going west on Fourteenth street, turned south into Clark. Appellant's proof tended to show that the driver turned into the clear space between the north-bound track and the east sidewalk and drove south until he met the car; that he did not drive upon, and kept clear of the tracks altogether; that the wagon passed in safety the extreme front of the car, but that immediately afterwards the driver swung his horses to the east in order to enter a freight house there located, and in consequence thereof the rear end of the wagon was turned to and struck the car and knocked both the deceased and his companion from the foot-board. On the other hand, appellee's proof tended to show that the wagon, after entering Clark street, was driven upon and over appellant's tracks on that street, first in a southwesterly and then in a southerly direction and made a semi-circle by turning eastward to get into the freight house; that while the wagon was turning and the horses facing southeast, the car struck the rear end of the wagon which was still on the north-bound track; that the impact was slight and the car and wagon soon separated, but the wagon was pushed aside by the car and then brushed along its east side, sweeping the boys from the foot-board.

Such being the evidence, appellant requested the following instruction, which was refused:

"If the jury believe from the evidence that Charles Rietzl, while riding on the foot-board of the defendant Chicago City Railway's car in question, was injured by reason of a wagon coming in contact with the side of the said car, and if the jury further believe from the evidence that the servants in charge of said car, under all the circumstances shown by the evidence, could not have avoided the collision between the said wagon and the said car by the exercise of the highest degree of care and caution reasonably consistent with the practical operation of said car, and if the jury further believe from the evidence that the said collision was caused by the swinging or turning of said

wagon after the front of the car had passed it, so that some part of said wagon swung into or struck against the side of said car and caused the injury complained of, then the jury should find the defendant, Chicago City Railway Company, not guilty."

The only objection pointed out to this instruction is that it singles out and renders unduly prominent appellant's theory of the manner in which the collision was brought about and the accident happened. While it is the well-settled and long-established rule that an instruction should not single out and call the attention of the jury to one alleged fact more than to another, yet this rule is subject to another one, that each party is entitled to an instruction hypothetically outlining the evidence and state of the case upon which he relies for obtaining a verdict, and directing the jury to find for the party in whose favor they find the facts constituting either the cause of action or the defense. "An instruction may properly embody the theory of the party asking it. It is not error for the court at the request of the party to state his theory upon which the case is tried, and then announce the law applicable to such theory." Pennsylvania Co. v. Backes, 133 Ill. 255. In Frame v. Badger, 79 Ill. 441, after giving very weighty reasons why "it is unfair to select isolated portions of the evidence and give them prominence by calling the attention of the jury especially to them," the court expressly add : " The court should always instruct that if the facts averred in the issue are proved, reciting them, then they should find for the party in whose favor they shall find the facts, or if either party holding an affirmative fails to prove the affirmative facts, the jury may be told that if they so find they should find against him." In C., B. & Q. R. R. Co. v. Camper, 199 Ill. 569, although an instruction had been given which stated in a general way the doctrine of assumed risk as between master and servant and directed a verdict of not guilty if the jury believed that the injury was the result of one of the risks ordinarily incident to the work in which the servant was engaged, yet the judgment in favor of the

plaintiff was reversed because of the refusal to give a more specific instruction on the same point asked by defendant, the Supreme Court saying (p. 577): " The instruction given was mainly abstract and wholly general in its character, and did not, as the other would have done, direct the attention of the jury to the real issue on which their verdict would have to be based and to the evidence under that issue." This is precisely what the instruction refused in the case at bar would have done. It was not covered by any other given instruction, and we cannot say that it was not harmful error to refuse it. C. & A. R. R. Co. v. Harrington, 192 Ill. 9, 24; W. C. St. R. R. Co. v. Kautz, 89 Ill. App. 309.

In his closing address to the jury, counsel for plaintiff used language which we regard as inflammatory and strongly calculated to deprive the jurors of that calmness of judgment and freedom from passion and prejudice which should mark and permeate their deliberations. Thus he said : " If every man, woman or child who ride upon the foot-boards in Chicago are taking their lives in their hands, and this company can come into court and say ' We are not liable ' "—here there was an objection, and the court said : " Yes, all right." Counsel continued : " Then, I say, the Lord help the women and children who ride them." Further on counsel said : " There is no recompense that can in any way compensate a father or a parent for the loss of a child. , * * * There is no money, nothing under the sun,"— To this an objection was interposed and overruled, and exception taken. Counsel proceeded as follows, finishing the sentence—" that can recompense a father for the loss of his only son. Here you have to-day this father and this mother, their only child killed by reason of this awful accident. They come to you, gentlemen of the jury, and they say to you, ' This railway company and this other defendant cannot give us back our child; but as a punishment to this company and also as the nearest thing which this company can do, give us what the law says you shall give us.' "

When it is remembered that the suit is brought to recover

damages for an alleged negligent killing, and that in such a suit the pecuniary loss caused thereby and nothing further is recoverable, the language of counsel becomes peculiarly objectionable. In the eye of the law, money is the only recompense, and the recompense is strictly limited to the pecuniary loss; yet counsel used language the effect of which if not the object, must have been to induce the jury to disregard the law and punish appellant by the size of their verdict. Such words may fall from counsel's lips without premeditation in the heat of argument and in the excitement of the trial; but that counsel should now insist that punitive damages may be given in a case of this character is somewhat surprising in view of the plain language of the statute and the uniform and unbroken rulings of all the courts of review of this state to the contrary.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*