# 498    APPELLATE COURTS OF ILLINOIS.

## Theophile Becker, Appellee, v. Illinois Improvement & Ballast Company, Appellant.

### Gen. No. 15,459.

1. PLEADING—*when declaration will not support recovery.* If the declaration does not contain averments of negligence to support the proof of negligence made, no recovery can be sustained.

2. MASTER AND SERVANT—*when latter cannot recover for injury occurring from obedience to order of foreman.* An experienced driver who had worked about horses for many years and was as fully cognizant of the danger attendant upon an attempt to stop a runaway team as his foreman, cannot recover for an injury resulting from this attempt, pursuant to an order of such foreman, to stop a runaway team.

3. MASTER AND SERVANT—*when doctrine of assumed risk applies.* No recovery may be had for a risk assumed by the servant in attempting to perform what he regards as his duty upon the master's order, where he has not been misled by such order of the master.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed with finding of fact. Opinion filed May 5, 1911.

**Statement by the Court.** The appellee, hereinafter called the plaintiff, brought suit against the appellant, hereinafter called the defendant, for injuries sustained in November, 1904. The declaration contained several counts, which set out in different verbiage two acts of negligence asserted to have been committed by the defendant. It was averred that the plaintiff was in the employ of the defendant as teamster; that the defendant by its servants and agents in that behalf was then and there engaged in unloading a wagon on Seventy-fourth street, the unloading being under the control and management of the defendant's foreman, who was not a fellow servant of the plaintiff; that the defendant by its foreman so negligently, carelessly and improperly managed the unloading of the wagon that the horses attached to the wagon were struck by portions

of the contents of the wagon and were caused to run away; that while so running away the horses knocked down and trampled upon the plaintiff. In other counts the negligence alleged was the same except that the additional statement was made that plaintiff was in-jured in attempting to stop the horses which were so running away.

The case was tried before a court and jury, the verdict of the jury being for $7,000. On motion for a new trial being made, a *remittitur* of $2,000 was required by the court, and thereupon judgment was rendered for the sum of $5,000.

FOLLANSBEE, McCONNELL & FOLLANSBEE, for appellant; MITCHELL D. FOLLANSBEE and CLYDE E. SHOREY, of counsel.

BRANDT & HOFFMAN, for appellee; LEO V. ROEDER and SAMUEL R. MARKMAN, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

The grounds on which it is asserted the judgment in this case should be reversed are, first, that the plaintiff assumed the risk of his employment; second, that he was guilty of contributory negligence; third, that the negligence of the foreman, if any, was not the proximate cause of the injury; fourth, that the verdict was against the weight of the evidence; fifth, that there were errors in the rejection and admission of testimony; sixth, that unfounded remarks of counsel influenced the jury improperly; and seventh, that the damages are excessive.

The proof shows that the plaintiff was driving a team of horses attached to a wagon loaded with crushed stone; that a foreman of the defendant super-intended the unloading of the stone. Plaintiff stated that he was ordered by the superintendent to get off the wagon and help him; that he obeyed the order,

thus leaving his horses unhitched—so violating, as alleged by plaintiff, an ordinance of the city of Chicago; that as the foreman and the plaintiff were lifting the side of the wagon box it became loosened from its support and thus loosened the front end so that the front end fell over against the hind legs of the horses and some of the crushed stone came about their feet; that the horses ran away. The plaintiff contends that he was ordered by the foreman to catch the horses, and that while endeavoring to obey the order he was run over by the wagon and seriously injured.

The foreman denies that he gave instructions to the plaintiff to try to stop the horses, but on the other hand insists that he told him not to try to do so.

In our opinion, the proximate cause of the accident was not alleged in any count of the declaration. Arguments of counsel for plaintiff are directed principally and necessarily to what is claimed to have been the wrongful act of the foreman in directing the plaintiff to stop the horses after they started to run; and in this regard the testimony is directly conflicting, as heretofore stated. The declaration no where charges the defendant with negligence in respect to this order so alleged to have been given, but we discuss the question as though such act of negligence were alleged, although in our opinion no recovery could be had if the declaration had contained the proper averments.

In Republic Iron Co. v. Lee, 227 Ill. 246, the Supreme Court had before it a case in which plaintiff recovered a judgment for injuries alleged to have been caused by a defect in machinery of which defect the defendant had notice. The declaration alleged that the plaintiff knew of the defect and had made complaint thereof, and was continuing in the service under a promise of the master to repair; and the court says, on page 257:

"When he alleged, as in the third count, that he knew of the defect, had made complaint thereof, and

was continuing in the service under a promise of the
master to repair at the time he was injured, he should
not have been permitted to recover under proof that
he did not know of the existence of the defect, unless
the declaration was amended to conform to such proof.
If such procedure as was here followed were to be
permitted, then, as said in Wabash Western Railway
Co. v. Friedman, 146 Ill. 583, 'A declaration would be
a delusion, and instead of affording a defendant notice
of what he was called upon to meet, it would be a de-
ception.' "

In the same case, in commenting upon the doctrine
of assumed risk, the court says, at page 258:

"An exception to the doctrine of assumed risk
exists where a servant is ordered by his master to do
certain work which is attended with danger of which
he is not fully cognizant, and he relies upon the order
to do the work as an assurance that he may safely per-
form the task. This case, as stated by the first two
counts of the *narr.*, is not within the exception, how-
ever, because appellee had full and complete knowl-
edge of all the dangers attendant upon and resulting
from the negligence charged by those two counts, in
so far as the evidence tended to prove the same. *It is
only where the servant has been misled by the order
of the master that the exception exists.*" See also the
case of Crane Co. v. Hogan, 228 Ill. 338.

In the case before us there can be no contention that
the plaintiff, who was an experienced driver and who
had worked about horses for many years, was not as
fully cognizant of the danger attendant upon an at-
tempt to stop a runaway team as the defendant could
possibly have been. The evidence tended to show that
the plaintiff endeavored to stop the team by catching
hold of the breeching on one of the horses, in that way
expecting to be pulled along so that he could catch hold
of the bridle, thus enabling himself by throwing his
weight upon the bridle to force the team to stop.

We are satisfied from the reasoning in the foregoing
opinions of the Supreme Court, and in the decisions

therein rendered, that judgment in this case may not be permitted to stand without violating two principles of law, the first one being that no recovery may be had except for negligence averred in the declaration; and the second, that no recovery may be had for a risk assumed by a servant in attempting to perform what he regards as his duty upon the master's order, where he has not been misled by such order of the master.

For the reasons stated, the judgment will be reversed and a judgment rendered in this court in favor of the appellant, with a finding of fact.

*Reversed with finding of fact.*