## JOHN W. SCOTT

*v.*

## JAMES HAMILTON.

1. MEASURE OF DAMAGES—*assault and battery.* In cases of assault and battery it is impossible to estimate precisely the measure of damages which will repair the injury. To a great extent it is a matter of sentiment and feeling, under the guidance of sound judgment, duly weighing all the circumstances of the case.

2. EXCESSIVE DAMAGES—*assault and battery.* A verdict for $1250 was not regarded as exceeding rational bounds in an action of trespass to the person, where there was no justification for the beating inflicted by two persons upon the plaintiff, and it appeared to have been severe. As mere compensation for the physical injury, the damages may be large, but when it is considered that the jury had a right to award punitive damages, the court was not prepared to say the damages were excessive.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of trespass, by James Hamilton against John W. Scott and Daniel Leonard, for an assault and battery alleged to have been committed by the defendants upon the person of the plaintiff. Scott, alone, appealed from the judgment.

Messrs. BARKER & WAITE, and Mr. WM. HOPKINS, for the appellant.

Messrs. FORRESTER & BEEM, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a judgment of the circuit court of Cook county, in an action of trespass assault and battery.

No question of law is raised upon this record. The parties were sworn, and were the only witnesses to establish the trespass. It is not unusual, in such cases, there should be con-

flict in the testimony, which the jury reconciled the best way they could, in favor of the plaintiff, and we can not say they erred in so doing.

The court overruled a motion for a new trial, after requiring the plaintiff to enter a *remittitur* of one thousand dollars. That court had the witnesses in their presence, and observed their manner of testifying, and took note of all the circumstances, and was satisfied the plaintiff was entitled to the verdict.

It is complained the damages are excessive. We do not think so. They are large, so far as real physical injury was done, but that is not the only consideration in cases of this nature, as was said in *Walker et al.* v. *Martin,* 43 Ill. 508. In this kind of torts it is impossible to estimate precisely the measure of damages which would repair the injury. To a great extent it is a matter of sentiment and feeling, under the guidance of sound judgment, duly weighing all the circumstances of the case.

The jury had a right to award punitive damages in addition to such as may be considered compensatory merely. There was no justification for the beating, and it seems to have been quite a severe one. We can not say twelve hundred and fifty dollars exceeds rational bounds, and must affirm the judgment.

*Judgment affirmed.*