# FRANCIS BELL

## *v.*

## SOLOMON SENNEFF.

1. INSTRUCTION—*variance from pleading.* Where a declaration alleges that the defendant falsely, willfully, voluntarily, knowingly and corruptly testified, on a former trial between the parties, to material facts which defeated the plaintiff's recovery, etc., an instruction that unless the jury believe, from the evidence, that the defendant falsely, willfully, etc., committed perjury, to find for the defendant, is not erroneous as being variant from the allegation in the declaration.

2. PLEADING — *declaration —surplusage.* Where a declaration in an action on the case charged that the defendant falsely, willfully, knowingly and corruptly testified on a former trial, between the same parties, to material facts, whereby the plaintiff was defeated in the suit, it was *held,* that all the words, except the false swearing, could not be rejected as surplusage, but that if a recovery could be had, it was necessary to prove that the testimony was not only false, but willfully and corruptly so.

3. WITNESS—*action against, for false swearing.* An action does not lie against a witness merely from accidental or unintentional false evidence on his part. If, from want of memory or mere inadvertence, he should fail to state all the material facts in his knowledge, he can not be held liable in

any form of proceeding. He will not be liable merely because, from care-
lessness, he may make a false statement

4. SAME—*false swearing, whether willful.* Where the parties to a suit
both testify, and their evidence is conflicting as to matters material in rela-
tion to a contract, it does not necessarily follow that either has sworn will-
fully false, as the conflict may arise from an honest difference of opinion as
to the contract.

5. EVIDENCE—*record of acquittal conclusive.* The record of acquittal
of one tried on a charge of perjury is conclusive evidence, in all subsequent
suits, that the party is not guilty of perjury, but not that his testimony was
true in the case.

6. SAME—*reports.* Reports put in circulation by the defendant and his
friends, to injure the plaintiff's character for truth and veracity, are proper
evidence to be considered by the jury. The fact that they were so put into
circulation will only have the effect to impair their value as evidence.

WRIT OF ERROR to the Circuit Court of Coles county; the
Hon. WILLIAM W. HEATON, Judge, presiding.

Mr. J. M. BAILEY, and Mr. J. I. NEFF, for the plaintiff in
error.

Messrs. ARMOUR & SHAW, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought by plaintiff in error
against defendant in error, in the Carroll circuit court, and
removed, by change of venue, to the circuit court of Ogle
county. The *gravamen* of the suit is, that defendant "falsely,
willfully, voluntarily, knowingly and corruptly," testified, on
a former trial between the parties, to facts that defeated a re-
covery by the plaintiff in that action, whereby he sustained
loss of a sum for which suit was brought, and costs, etc. It is
averred that the loss was sustained by reason of the "willful,
corrupt and false swearing of the defendant." To the declara-
tion the plea of the general issue was filed, and a trial had
before the court and a jury, resulting in a verdict and judg-
ment in favor of defendant.

It is claimed that the verdict is against the evidence. It is
conflicting, and it was for the jury to weigh, consider and deter-

mine on which side the preponderance was to be found. The evidence of either side, considered alone, would not only have justified but would have required a verdict for that side; hence the finding should not be disturbed.

The main stress of the argument in favor of reversing is laid upon what is claimed to be error in the instructions. Plaintiff in error complains of the first instruction given for defendant in error. It is this:

" That unless the jury believe, from the evidence, that the defendant, Solomon Senneff, on the trial of a certain suit then pending and on trial in the circuit court of Carroll county, Illinois, in which Francis Bell was the plaintiff and Solomon Senneff was the defendant, the said Solomon Senneff was then and there duly sworn as a witness in his own behalf in said case, by Joseph F. Allison, clerk of the Carroll circuit court, in manner and form as charged in the declaration, and did, then and there, as a witness on such trial, falsely, willfully, voluntarily, knowingly and corruptly *commit the crime of perjury* by swearing as to matters material thereto, in substance as charged in the plaintiff's declaration, *and by such perjury* caused the jury to render a verdict in favor of him, said Senneff, the jury must find for the defendant."

It is urged that the suit was not brought for the perjury of the defendant, but for injury sustained by reason of his false swearing, and that it was error to turn a recovery on the question of whether defendant had committed perjury. The instruction recites the precise language in the averment of the declaration, and then adds, and did "commit the crime of perjury," by swearing as to matters material thereto, in substance as charged in the plaintiff's declaration, and " by such perjury " caused the jury to render a verdict in his favor. It will be observed that the language of the averment in the declaration alleges, in almost precisely technical terms, that defendant committed perjury by which he sustained loss. It is true, the word perjury is not used, but it is charged by the language employed. The addition of the word " perjury " in the in-

struction, in no manner changed the sense or meaning of the averment in the declaration, and the instruction only embraced that averment, and told the jury that unless the averment was proved they should find for the defendant.

It is, however, urged that all the language in the declaration, in reference to the falsity of the testimony, should be rejected, except the words " by false swearing," as surplusage. This, we think, can not be done; and the pleader regarded them essential in drawing the declaration, or he would not have used them. Even if an action may be maintained against a witness for injury resulting from false swearing, it surely can not be so for merely accidental or unintentional false evidence. If, from want of memory, or mere inadvertence, a witness should fail to state all material facts in his knowledge he surely could not be held liable in any form of proceeding.

If liable in any case, it could only be where the evidence was known to be false by the witness, or he intentionally withheld material facts when testifying. The mere fact that the witness had forgotten facts, or, under a misapprehension, he made untrue statements, would certainly not render him liable. It is said a witness may be careless in giving his testimony, and thereby make false statements or omissions, although unintentionally, and thus render himself liable. We are unable to give our assent to the proposition. It surely can not be the law, that such consequences shall flow from want of memory or mere inadvertence on the part of the witness.

As a general rule, a party is required to prove the averments of his pleadings as he makes them. He may aver more than is required, but, as a general rule, he must prove them, although unnecessarily made. In this case the averment charges that perjury produced the wrong, and plaintiff thereby took upon himself its proof. Although the language objected to was unnecessary and might have very properly been omitted from the instruction, still we do not see that it could in anywise have misled the jury.

The same objection is taken to the fourth and fifth of defendant's instructions; and what we have said in reference to

the first, applies to and governs them. Hence no further discussion of the question is deemed necessary.

It is urged that the eighth of defendant's instructions was erroneous and calculated to mislead the jury in their finding. It is this:

" That since the statute has authorized parties in interest to become witnesses on their own behalf, *there necessarily will be conflicting evidence between them,* and it by no means follows that one party or the other has sworn falsely willfully; it may be an honest difference of opinion, and each may have sworn to the contract as he understood it."

It is contended that the first clause of this instruction is not true, as a legal proposition or as a fact. But if the objection be granted in its fullest extent, was its tendency to mislead the jury? We think not. Whether the proposition is true or not, the jury were told, that where parties testified and their evidence was conflicting, it by no means followed that one or the other party had sworn willfully false. Now the parties in this case had sworn, and their testimony was conflicting, and it was not a matter of the slightest importance whether or not the conflict was produced by the adoption of the statute. The fact was before the jury that there was a conflict between their testimony, and they were told that it did not follow that either had sworn willfully false, but that the conflict might arise from an honest difference of opinion, and each party may have sworn to the contract as he understood it. This is a correct proposition, and it can not be successfully controverted, and the presumption is that the jury acted upon the statement. Whether the clause to which exceptions are taken be true or untrue, could not have exerted any influence whatever on the jury in trying the issue, as it was a mere abstract proposition, having nothing whatever to do with the case. Nor did it, in the slightest degree, intimate that the evidence of one or the other of the parties was to be preferred, but left that entirely to the consideration of the

jury. We think, whilst this instruction is not accurate, that it did plaintiff no harm.

It is next urged that the court below erred in refusing to give the first instruction asked by plaintiff in error. It states that the record of the acquittal of defendant in error, on the charge of perjury, was not conclusive evidence that he was innocent of the charge. We think that it was manifestly conclusive of the charge of perjury. He could never be again tried on that charge. The acquittal imports absolute innocence of the crime, and that could not be again tried. It may not be conclusive evidence that he did not, from want of memory, from misapprehension of the facts, or from inadvertence, swear to what was not true in fact. But the record of acquittal is conclusive evidence that he did not commit perjury. In the supposed case of larceny, where there has been an acquittal of the crime charged, it is said the owner may, nevertheless, sue and recover his property. This is true; but it is upon the ground that the taking was not felonious, but was wrongful; a mere trespass, and not a larceny.

We fail to see that the modification of plaintiff's fifth instruction was erroneous. The instruction fails to leave it to the jury to find whether the reports put in circulation were false. If false, then the proposition contained in the instruction would be correct. If defendant and his friends put reports into circulation which were not true, for the purpose of injuring plaintiff's character for truth, then, so far as evidence was based on such reports, it would not be proper for the jury to regard it. But, on the contrary, if the reports were true, the evidence based on them was proper for their consideration. Being put into circulation by defendant and his friends, for the purpose of injuring plaintiff's character for truth and veracity, might impair the value of such evidence, but would by no means exclude it from consideration. The modification, therefore, did plaintiff no injury, and it was not error to give the instruction as modified.

Defendant in error has cited several authorities to show that an action will not lie against a witness, resulting from false

testimony he may have given on a former trial.    The cases of *Grove* v. *Brandenburg*, 7 Blackf. 234, *Dunlap* v. *Glidden*, 31 Maine, 435, and 1 Hilliard on Torts, 3d Ed. p. 82, announce such to be the rule of law.    But as the question has not been discussed in this case, and as we have not examined to see whether the question should be raised on demurrer to the declaration, we will not now investigate or determine the question, but await its presentation in some future case, if it should ever arise.

· Finding no error in the record requiring a reversal, the judgment of the court below must be affirmed.

*Judgment affirmed.*