## THE WABASH RAILROAD COMPANY

*v.*

## THOMAS BILLINGS.

*Opinion filed October 24, 1904.*

1. VARIANCE—*allegations and proof must correspond.* Allegations and proof must correspond, both for the purpose of specifically advising the opposite party of what he must answer and of preserving by record the identity of the cause of action as a protection against another suit thereon.

2. SAME—*allegations descriptive of the cause of action must be proved.* Every allegation which is descriptive of the cause of action and all allegations descriptive of what is material, even though unnecessary, must be proved as alleged, and any variance therefrom is fatal, unless waived by failure to call the attention of the court thereto or cured by amendment of the pleading.

3. SAME—*when variance is fatal.* Variance between an allegation that the plaintiff's buggy was struck by a train and he was then and there thrown out and injured, and proof that he was not thrown from the buggy until the horse had run nearly a hundred feet from the crossing, is fatal, where the variance was specifically called to the attention of the court but no amendment of the pleadings was made.

4. REMITTITUR—*when remittitur does not cure error.* Where the damages allowed by the jury in an action for personal injury are so excessive that they can be accounted for only on the ground of passion, prejudice or misconception which influenced the finding of the jury on questions of fact, a *remittitur* will not cure the error.

5. SAME—*court should consider whether verdict was improperly influenced.* On a motion for a new trial upon the ground the damages are excessive, if counsel for plaintiff made improper remarks before the jury, even though an objection thereto was sustained, the court should consider whether the effect of such remarks improperly influenced the verdict before deciding that a *remittitur* will cure the error.

*Wabash Railroad Co.* v. *Billings,* 105 Ill. App. 111, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

C. N. TRAVOUS, for appellant.

S. H. CUMMINGS, and T. J. SULLIVAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the Third District affirmed a judgment recovered by appellee in the circuit court of Sangamon county against the appellant in an action on the case for personal injuries, and this appeal was prosecuted from the judgment of the Appellate Court.

At the trial the defendant presented a motion in writing that the court should exclude the evidence and direct a verdict of not guilty, assigning different grounds for the motion, among which was the following:

"*Second*—It is alleged in the declaration that plaintiff's buggy in which he was riding across defendant's track was struck by defendant's car or train and plaintiff then and there thrown out and injured, whereas the testimony shows that plaintiff's injuries resulted from his falling from said buggy when some distance from the defendant's track or crossing."

The motion was overruled and defendant excepted. The declaration contained several counts in which the language varied slightly, but it was alleged in each count, in practically the same words, that while the plaintiff was riding in a buggy on Adams street, in Springfield, over the railroad crossing, the defendant's engine and train struck said buggy with great force and violence, and the plaintiff was then and there thrown out of said buggy with great force and violence upon the ground there and was thereby injured. There are three tracks of the defendant crossing Adams street, and the evidence on the part of the defendant tended to prove that he approached the crossing from the east, and as he was going over the east track, when the hind wheels of the buggy were between the rails, an engine headed south pushed a

baggage car ahead of it against the buggy, shoving it to the
south; that just before the car struck the buggy, plaintiff
slapped the horse with the lines and the horse started at a
faster gait; that when the buggy was struck, plaintiff lost
his balance and was thrown to the north edge of the seat;
that he let go of the lines and grabbed hold of the seat with
his left hand; that he was not hurt or thrown out at that
place, but the collision threw him off his balance and the
horse ran away; that the horse ran upon a grass-plot be-
tween the sidewalk and curbing west of the crossing and ran
back into the driveway eighty or one hundred feet west of
defendant's tracks, and that in passing over the curb the
buggy dropped sixteen or eighteen inches into the gutter
and plaintiff was thrown out upon the brick pavement, caus-
ing a fracture of his arm, a scalp wound and a sprained foot.

It is a well known rule that allegations and proofs must
correspond, both for the purpose of specifically advising the
opposite party of what he is called upon to answer, and also
of preserving a record of the cause of action as a protection
against another suit based upon the same cause. A pleading
is intended to disclose a cause of action or defense, and a
party has a right to know what he is charged with, to enable
him to properly make out his case and to prevent his being
taken by surprise by the evidence at the trial. The author of
the article on variance, in the Encyclopedia of Pleading and
Practice, says (vol. 22, p. 527) : "It is a general rule in
actions at law, that in order to enable a plaintiff to recover
or a defendant to succeed in his defense, what is proved or
that of which proof is offered by the party on whom lies
the *onus probandi* must not vary from what he has pre-
viously alleged in his pleading; and this is not a mere ar-
bitrary rule, but is one founded on good sense as well as
good law." Every allegation which is descriptive of the
cause of action must be proved as alleged in the pleading,
and any variance therefrom is fatal unless it is waived by
not calling it to the attention of the trial court or is cured

by an amendment of the pleading. Even if there are un-
necessary allegations descriptive of what is material they
must be proved. (*Bell* v. *Senneff,* 83 Ill. 122; *City of Bloom-
ington* v. *Goodrich,* 88 id. 558; *Chicago, Burlington and
Quincy Railroad Co.* v. *Dickson,* 143 id. 368; *Wabash West-
ern Railway Co.* v. *Friedman,* 146 id. 583; *Wisconsin Cen-
tral Railroad Co.* v. *Wieczorek,* 151 id. 579; *Chicago and
Alton Railroad Co.* v. *Rayburn,* 153 id. 290.) An objec-
tion for variance is one which must be taken in the trial court,
so as to permit the opposite party to obviate the variance
by amendment; but in this case the objection was specifi-
cally made and no amendment was made to meet it, al-
though the objection was curable by that means. Instead of
proving that the buggy was struck by the baggage car and
plaintiff was thereby then and there thrown out of the buggy
upon the ground and injured there, plaintiff introduced evi-
dence that he was neither thrown out nor injured there, but
that he lost his balance and the horse ran away, and in com-
ing back over the curb and dropping into the gutter he was
thrown out and injured on the street. It is true that torts
are divisible, and that proof of a part of the allegations, if
sufficient to establish a cause of action, will sustain a judg-
ment; but there is no question of that kind in this case, in
which the evidence went beyond the allegations and proved
a different tort. There was a clear variance, which was
brought to the attention of the trial court and the plaintiff,
and it was not cured by an amendment, as it might have been.

It is argued that there was no error in the ruling because
the striking of the buggy by the car was the proximate cause
of the injury. But that is only saying that plaintiff proved
a good cause of action, while the question was whether the
tort described in the declaration was the one proved upon the
trial. If by the exercise of reasonable care the defendant
might have foreseen that an injury would result from back-
ing the baggage car against the buggy, and that was the last
negligent act contributing to the injury, without which it

would not have occurred, it would be the proximate cause. If that was the efficient cause, the merely incidental cause of dropping into the gutter without contributory negligence on the part of the plaintiff would not make the striking of the buggy a remote cause. In such a case the proximate cause need not be the nearest in point of time or sequence of events. But that was not the question raised by the motion.

Counsel for plaintiff, in arguing the case to the jury, said to them: "These powerful railroad corporations ignore the rights of citizens, maim or kill them at pleasure, and then bring in their employees to swear them through; that most of the witnesses for the defense were employees of the defendant and had to swear the way they did or lose their jobs, and that they ought not to be believed for that reason." Counsel for defendant interposed an objection to such a course of argument, and the court sustained it, and said to the jury that the remarks were improper, and that they should disregard them and decide the case upon the merits and according to the law as the court should give it in the instructions. Such a statement by counsel is wholly indefensible, and unless it can be seen that it did not result in injury to the defendant the judgment ought to be reversed on account of it. The effects of such an attack may be obviated by the action of the court in some cases, while in others it may be effective in arousing passion and prejudice notwithstanding the direction of the court. In this case the jury returned a verdict for $5000, and on a motion for a new trial the plaintiff confessed that the damages awarded were grossly excessive by remitting $2000 from the verdict. In the case of *Lowenthal* v. *Streng,* 90 Ill. 74, where there was a verdict against defendant for $10,000 and plaintiff entered a *remittitur* of $4000,—the same proportion as in this case,— it was held that where the damages allowed are so excessive that they can only be accounted for on the ground of prejudice, passion or misconception, a *remittitur* will not obviate the error, because these elements may have entered, and

probably did enter, into the finding of other facts important to the issue, if not the issue itself. We have frequently held, where there has been a fair and impartial trial, that a merely excessive allowance of damages may be cured by a *remittitur*, and the legislature, by section 81 of the Practice act, have approved the allowance of *remittiturs* in the Appellate Court and this court; but a *remittitur* will not cure an error which influenced the finding of the jury on issues of fact. The evidence for the defendant was, that the plaintiff came upon the crossing without observing any of the usual and ordinary precautions in such places; that his horse was on a run, and that the car did not strike the buggy at all. On those questions the defendant was entitled to the judgment of the jury after a fair and impartial trial, and as it does not appear that the ill-effects of the statement objected to were obviated by the ruling of the court, the same influence may have affected the verdict on those questions. In considering a motion for a new trial on the ground that the damages are excessive, the court must determine that question, and if a party, by remitting a part of the verdict, removes the objection, the opposite party will have no cause for complaint on that ground; but if the verdict on the questions of fact involving the liability of the defendant has been improperly influenced, a *remittitur* will not cure the error. We do not think that it appears from the record that the remarks were not prejudicial notwithstanding what was said by the court, and they related to the merits and the veracity of the defendant's witnesses.

Objection is made to an instruction given at the request of plaintiff, but we do not think it would mislead the jury.

For the errors indicated, the judgments of the Appellate Court and the circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*