## Lake Street Elevated Railroad Company v. Alva C. Collins.

### Gen. No. 11,772.

1. PUNITIVE DAMAGES—*what does not show allowance of.* The mere fact that the trial judge required a remittitur as a prerequisite to judgment, does not, in an action for an assault, establish the fact that the jury allowed punitive damages.

2. ASSAULT—*when verdict in action for, will not be disturbed.* The amount of damages which may be awarded in an action for an assault is so largely in the discretion of the jury that it is in extreme cases only that the court is justified in interfering.

3. ASSAULT—*what essential to establish liability of carrier for.* In order to establish the liability of a carrier for an assault committed by one of its servants, it is essential that the plaintiff establish that he bore to it at the time of such assault the relation of a passenger.

4. VARIANCE—*when ground for reversal.* Where there appears a clear variance between material allegations and the proof which was by the defendant pointed out in due time, a reversal will follow.

BROWN, J., dissenting.

Lake St. Elevated R. R. Co. v. Collins.

Action of trespass on the case.     Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding.     Heard in this court at the March term, 1904.     Reversed and remanded.     Opinion filed February 20, 1905.

CLARENCE A. KNIGHT and WILLIAM G. ADAMS, for appellant.

CASTLE, WILLIAMS & SMITH, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellee recovered a judgment in the sum of $200 against appellant for an assault and battery committed upon him by one of its servants while he, appellee, was a passenger upon one of the trains of appellant.     The case comes to this court by appeal.

It is alleged (among other things) in the declaration, " that on the 28th day of July, 1899, the plaintiff having purchased from the defendant a ticket to be carried on defendant's road from Wabash avenue in the city of Chicago, county aforesaid, to Austin avenue, town of Cicero, county aforesaid, which ticket was one of the regular and legally issued tickets for conveyance of passengers issued by the said defendant, and plaintiff did, on the date last aforesaid, while in possession of said ticket, enter a car of said defendant at Wabash avenue, in the city of Chicago, county aforesaid, and the defendant did then and there receive the plaintiff as such passenger, and it became the duty of the defendant to then safely and peaceably carry the said defendant to Austin avenue in the town of Cicero, county aforesaid, and that while he, the plaintiff, was then and there sitting in one of the seats provided in said car and without any just cause or provocation whatsoever therefor, while said car was going west between certain streets in the city of Chicago, to wit, between the streets of Homan and Hamlin, the said defendant, by its servant and employe, sometimes called guard, did then and there, without any just cause, or provocation whatever, make an assault upon the plaintiff and strike said plaintiff."

The evidence of appellee is that he got on the train either at Madison street or at Quincy street, and that his destination was Prairie avenue, Austin. He further testified: "I paid my fare, five cents, when I passed through the station."

At the close of all the evidence appellant moved the court to instruct the jury to return a verdict for the defendant (appellant here) upon the following grounds: first, there is not sufficient evidence upon which to base a verdict against the defendant; second, there is not sufficient evidence to sustain a judgment against the defendant; "third, there is a fatal variance between the pleadings and the proof in this: The declaration alleges a contract to carry the plaintiff on defendant's road from Wabash avenue in the city of Chicago to Austin avenue in the town of Cicero, whereas the proof shows a contract to carry plaintiff from Quincy or Madison street to Prairie avenue. The declaration also alleges that said contract was in writing, that is, that the plaintiff purchased a ticket, whereas the proof shows a verbal contract, that is, the plaintiff paid his fare."

This motion was accompanied by a written instruction to the jury to find the defendant not guilty. The court denied such motion and refused to give said instruction; and appellant duly excepted to the ruling.

We have carefully examined the instructions given at the request of appellee, to which appellant objects, and find that while they are not all drawn with the utmost accuracy, in none of them do we find reversible error.

The mere fact that the trial judge declared that a remittitur of $300 from the verdict of $500 must be entered or he would grant a new trial, does not establish the fact that the jury gave appellee vindictive damages. The jury may have thought that $500 was but compensatory damages for the injury and insult inflicted upon appellee by the servant of appellant, while in the judgment of the court $200 was ample compensation therefor. In actions of tort, like the one at bar, the amount of damages is so largely in the judg-

ment of the jury that it is in extreme cases only that the court is justified in interfering with its finding. Lowry v. Orr, 1 Gilm. 83; Scott v. Hamilton, 71 Ill. 85; Shevalier v. Seager, 121 Ill. 569; Netcher v. Bernstein, 110 Ill. App. 484.

As noted in the statement of facts, there is a variance in the allegations of the declaration and the proof. The existence of this variance was explicitly called to the attention of the trial judge and of opposing counsel, by appellant, at the close of the testimony. It is the right of a defendant to insist that the cause of action against him be clearly stated, and that the plaintiff shall prove the same as alleged. It is elementary that one cause of action cannot be alleged and another proved, if the defendant points out the variance in due time. In this case, to warrant a recovery, it was essential that appellee should allege and prove that the relation of carrier and passenger existed between him and appellant at the time of the alleged assault. Unless that relation were established, appellant was not responsible for the misconduct of its servant, Garrity, toward appellee, however unjustifiable that conduct was. Appellee could not be a passenger upon the road of appellant except by contract, expressed or implied. A declaration that did not set up this contract, in actions similar to the one at bar, would be fatally defective. In stating this part of his cause of action, appellee might have alleged in general terms that at the time and place of the assault he was a passenger upon one of appellant's trains. Instead of so doing he particularly stated the termini of his journey. The evidence of appellee shows, without dispute, that neither terminus was correctly described. Here is a clear variance which was pointed out in apt time, so that appellee, if he chose, might have amended his declaration. He did not elect to amend, but stood by the case made by the allegations of the declaration and the proofs.

" When the plaintiff's right consists in an obligation on the defendant to observe some particular duty, the declaration must state the nature of such duty,   *   *   *   and the

plaintiff must prove such duty as laid, and a variance will, as in actions on contracts, be fatal." 1 Chitt. Pl., *383. "But, if the plaintiff, though needlessly, describe the tort and the means adopted in effecting it, with minuteness and particularity, and the proof substantially vary from the statement, there will be a fatal variance which will occasion a non-suit." 1b. *392.

The rule as thus laid down must be followed if the right of the defendant to know with certainty the nature of the plaintiff's demand is preserved inviolate. Unless this rule be enforced the defendant cannot safely prepare for trial. As we read the authorities in this state, the law is that such a variance as here presented forbids a recovery by appellee. L. S. & M. S. Ry. Co. v. Ward, 135 Ill. 511; Wabash Western Ry. Co. v. Friedman, 146 Ill. 583; Chicago City Ry. Co. v. McMeen, 206 Ill. 115, 120; L. S. & M. S. Ry. Co. v. Beam, 11 Ill. App. 219; Wis. Cent'l Rd. Co. v. Wieczorek, 151 Ill. 579; Wabash Ry. Co. v. Billings, 212 Ill. 37.

Because of the error indicated the judgment of the Superior Court is reversed and the cause is remanded.  ·

*Reversed and remanded.*

Mr. Justice BROWN, dissenting.

I think this judgment should be affirmed. Although the majority of the court have decided that the cause should be remanded, I should not deem it necessary to file a dissenting opinion were the ground for reversal other than it is. But I differ so decidedly from the majority of the court as to the proper effect of the variance noted in its opinion, that an expression of my dissent seems to me desirable.

Besides alleging the assault itself and its time, place and circumstances, the declaration alleged, as was necessary, that the plaintiff was a passenger on the defendant's train at the time the said alleged assault was committed by the defendant's agent. It alleged, as a matter of inducement, a contract between the defendant and the plaintiff which established that relation. It stated that such contract was made by the purchase of a ticket, to be carried on defendant's road from

Wabash avenue in Chicago to Austin avenue in the town of Cicero, and the entry of the plaintiff and his reception as a passenger in a car of the defendant at Wabash avenue, "whereby it became the duty of the defendant to carry the plaintiff to Austin avenue."

The proof showed that the plaintiff entered the car about half a mile west of Wabash avenue as it was going west toward Austin avenue, and that he paid five cents and thereby became a passenger. It showed also that his intended destination was Prairie avenue in Austin, one station on the road east of Austin avenue, although it did not show that the defendant was not bound to carry him, for the fare paid, to Austin avenue, if he had desired to go there. It showed that the alleged assault was committed while the plaintiff was such passenger, at the place where the declaration alleged it, between Homan and Hamlin streets, in the city of Chicago, a place on the route of the train going west, between Wabash avenue and Austin avenue, and a place also between the point where the plaintiff became a passenger and his intended destination at Prairie avenue, and, of course, therefore, between the point he boarded the train and Austin avenue.

The gist of the action of the plaintiff against the defendant was an assault committed by defendant's servant while he was a passenger of the defendant. That he was such a passenger at the place alleged, at the time that assault was committed, was thus clearly proven.

The opinion of the court does not explicitly state whether the alleged variance between the purchase of a ticket and the payment of a cash fare is considered material, but it does hold that because plaintiff alleged the termini of his journey, he must prove the allegation as made.

I think both the alleged matters of variance entirely immaterial.

I do not regard the authorities cited as controlling. The quotations from Chitty's Pleadings in the opinion are as follows: "When the plaintiff's right consists in an obligation on the defendant to observe some particular duty, the

declaration must state the nature of such duty  *  *  *
and the plaintiff must prove such duty as laid." This is
undoubtedly true, properly interpreted. But the duty and
the proof of it corresponded here in all material particulars.

It was the duty of the defendant safely and peaceably to
carry said plaintiff while he was a passenger between Ho-
man and Hamlin avenues in Chicago, on the train in ques-
tion, so the proof showed. It showed also that the de-
fendant failed in such duty.

Again, "If the plaintiff, though needlessly, *describe the
tort and the means adopted in effecting it with minuteness
and particularity, and the proof substantially vary from the
statement,* there will be a fatal variance which will occa-
sion a non-suit."

The tort here was the assault by the defendant's servant
on the plaintiff while he was a passenger, and this tort was
proven. I cannot see that as to the tort and the means
adopted in effecting it, the "proof substantially varied from
the statement." Nor can I see that "the right of the de-
fendant to know with certainty the nature of the plaintiff's
demand" would be violated, or any "safety in preparing
for trial" jeopardized, or any doubt as to the identity of the
cause of action injected into the proceedings by holding
that the variance in question as to the termini of the
plaintiff's journey, was immaterial. I doubt if the rules
laid down by Chitty would have been considered applicable
to the case at bar by this court were it not for language in
the opinion of the Supreme Court in Wabash Western
Railway Company v. Friedman, 146 Ill. 583. 1 do not
think it necessary to discuss the other cases cited in the
majority opinion, because it seems obvious to me that the
facts involved in them are so different that they cannot be
authority for the proposition advanced here. It is, on the
other hand, undeniably true that the holding and the
language of the opinion in the Friedman case tend strongly
to support the view of the majority of the court in the
case at bar. But I think, nevertheless, they should not
control it, for the reasons set forth in the appellee's argu-

ment herein filed. In the first place, the opinion was by a badly divided court. Three judges dissented and held the declaration sufficient, and certainly by implication held the variance immaterial, for they said that the right of the appellee to a rehearing was demonstrated beyond question.

Again, the plaintiff in the Friedman case was suing for an injury received in an accident on the road in 1888, and seeking to establish his contract as a passenger by proof of a ticket purchased in 1887 at a point at least 75 miles away from either terminus alleged. It might well be, as pointed out by appellee's counsel, that under such circumstances a variance between the allegations and the proof as to the termini of the journey contracted for, might have disarranged a defense prepared on the basis that the plaintiff, by reason of an alleged fraudulent use of his ticket, was not a passenger. That this was a defense made, the record in the case shows.

Again, the objection of variance in the Friedman case was made to the admission of evidence when offered. It was not, as here, first pointed out in a motion to take the case from the jury after all the evidence for plaintiff and defendant was in and the case just going to the jury. And while it can hardly be considered logically material, it is not out of place to note the fact that the language of the opinion in the Friedman case, in meeting the possible imputation of undue technicality, is : " While the question involved may be regarded as somewhat technical, still it will be remembered that the plaintiff is seeking to recover a large sum of money." The judgment in that case was $30,000. It is inconceivable to me that in the case at bar the declaration can be considered " a delusion," or that the defendant could have been in any way " misled or surprised " by the alleged variance, or that the cause of action was not specifically identified. I believe that the language of the undivided court in C. & G. T. Ry. Co. v. Spurney, 197 Ill. 473—" Where a tort is alleged and the substance of the allegation is proved, a variance is not material if the opposite party has not been misled, the alleged vari-

ant testimony had no tendency to mislead the plaintiff in error"—is much more to the point in this case than that of the majority of the court in the Friedman case.

It seems to me that to reverse this judgment on the ground given is altogether " to stick in the bark " and to magnify the importance of mere technicality.