# CASES

DETERMINED IN THE

# FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1906.

Illinois Central Railroad Company v. Trustees of
Schools, for use, etc.

1. VARIANCE—*what constitutes.* Evidence of injury to land and
the building thereon by vibration of passing trains is inadmissible
where the declaration does not allege that injury resulted to such
land and building from such cause.

2. INJURY TO REAL PROPERTY—*what essential to recover for, result-
ing from construction and operation of railroad.* To recover in
such case it is necessary to prove that the plaintiff suffered a spe-
cial damage with respect to his property in excess of that sustained
by the public generally.

3. DECLARATION—*how far allegations of, must be proven.* Al-
legations, though unnecessary, if made, must be proved.

Action in tort to recover damages to real property. Appeal from
the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER,
Judge, presiding. Heard in this court at the February term, 1906.
Reversed and remanded. Opinion filed September 14, 1906.

SIDNEY F. ANDREWS and A. P. HAMBURG, for appel-
lant; J. M. DICKINSON, of counsel.

JAMES H. MARTIN, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion
of the court.

We adopt appellant's statement of the case as quite

(111)

sufficient for discussion of the errors assigned and considered in this appeal.

The plaintiffs, appellees, sue as trustees of schools for the use of School District No. 2 in the city of Murphysboro, Jackson county, Illinois. They seek to recover damages from appellant railroad company under the constitutional provision that private property shall not be taken or damaged without just compensation.

The railroad is constructed and operated on appellant's own premises adjoining the school house grounds. It is built in a natural depression upon an embankment about eighteen feet high, bringing the track about on a level with the first floor of the school house. The school house is a two-story brick building. The main building is 50x70 with a wing on the east and west side, said wings being 18x22. The main building was built in 1867-68. The railroad is on the south of the building. The south line of the school lot, which is about two acres in extent, is the north line of the railroad right of way. The railroad was built in 1898. From the center of the railroad track to the school house is 188 feet. The ground slopes from the school house to the railroad right of way. The railroad consists of one track with a grade of about one per cent. ascending toward the west.

The declaration consists of one count in which it is averred that appellant constructed its railroad track south of said premises and is maintaining and operating a railroad thereon and charges that in passing said school premises the locomotive engines emit, discharge and throw out and stir up great volumes of smoke, cinders, ashes and dust and cast and throw the same daily over, upon and into said premises; that numerous trains pass said premises daily, and by reason of their great weight and momentum, and the rapidity of their speed, cause loud and ominous noises and make the ground to tremble, vibrate and shake, thus causing the school in said premises to be disturbed, and frequently suspended; that the value of

said premises has depreciated on account of the alleged injuries in the sum of $8,000.

The case was first tried in the Circuit Court of Jackson county, on January 17, 1902. The jury on that trial failed to agree and the cause was continued. A year later another trial was had and on January 16, 1903, the jury assessed the plaintiff's damages at $2,500. A *remittitur* of $700 having been entered by the plaintiffs, judgment was rendered for $1,800, and an appeal allowed to this court, where the case was heard at the August term, 1903, and an opinion filed affirming the judgment. 112 App. 488. On appeal to the Supreme Court that court in an opinion filed October 24, 1904, reversed the judgment of this court and of the Circuit Court and remanded the case. 212 Ill. 406. The case was again tried and, on October 7, 1905, the jury assessed the plaintiff's damages at $3,000, upon which verdict the court, after overruling the defendant's motion for a new trial and motion in arrest of judgment, entered judgment on the verdict. From which judgment appellant appealed to this court.

This action was originally brought, tried, prosecuted and defended on appeal through the Appellate and Supreme Courts, upon the theory that the special damages sustained by appellees were in the disturbance of the school and the use of the property for school purposes, caused by the noise, vibrations, dust, cinders, ashes and smoke from the engines and trains in operation on appellant's railroad. In the last trial, and on this appeal, the appellees seem to have abandoned altogether any claim for damages to the use of the premises for school purposes by reason of school disturbance, other than that caused by injury to the building, and to rely solely upon injuries to the property due to vibration of the ground and, as it is now claimed, the consequent cracking and crumbling of the walls of the school building. In the trial appellees' testimony was directed to prove the effect upon the building of vibra-

tion caused by moving trains over the railroad. A number of witnesses were called and testified upon this question. To this testimony appellant made timely objection upon the ground stated, that no injury was alleged or damages claimed to the building or land itself from the vibration mentioned in the declaration. The objection was overruled, exceptions preserved, and the ruling of the court in that regard is now properly before us for review on error duly assigned. It is insisted by counsel for appellant, and as we think with sufficient reason, that there was here a variance between the allegation and proof respecting the damage claimed and the cause producing it. It is an established rule that the proof must accord with the allegations, that the evidence must fit the pleading, and, to be relevant and admissible, must bear upon the issues made by the pleading. This is a fundamental proposition from which there will be no dissent. The rule is stated in 22 Ency. Pl. & Pr. 527: "It is a general rule in actions at law, that in order to enable a plaintiff to recover or a defendant to succeed in his defense, what is proved or that of which proof is offered by the party on whom lies the *onus probandi* must not vary from what he has previously alleged in his pleading; and this is not a mere arbitrary rule, but is one founded in reason and good sense, as well as good law." In Wabash Ry. Co. v. Billings, 212 Ill. 37, the Supreme Court, after a general statement of the rule that the allegations and proofs must correspond, adds: "both for the purpose of specifically advising the opposite party of what he is called upon to answer, and also of preserving a record of the cause of action as a protection against another suit based upon the same cause of action." Further on, in the same opinion, it is said: "Every allegation which is descriptive of the cause of action must be proved as alleged in the pleading, and any variance therefrom is fatal unless it is waived by not calling it to the attention of the trial court or is

cured by an amendment of the pleading. Even if there are unnecessary allegations, descriptive of what is material, they must be proved." The allegation under which the testimony was offered and challenged in this case is, "that numerous trains pass said premises daily, and by reason of their great weight and momentum and rapidity of their speed, cause loud and ominous noises, and make the ground to tremble, vibrate and shake, thus causing the school in said premises to be disturbed, and frequently suspended; that the said railroad is of a permanent nature and will entail continuous damage to plaintiff." How, and in what way? In the manner alleged, by "causing the school on said premises to be disturbed and frequently suspended." To recover in this case it was necessary to prove that appellees suffered a special damage with respect to their property in excess of that sustained by the public generally. Rigney v. Chicago, 102 Ill. 64; Aldrich v. Metropolitan W. S. El. R. R. Co., 195 Ill. 456. Under the law and the circumstances shown, it may not be assumed that appellees sustained damage with respect to their property in excess of that sustained by the public generally, that is, that the damages here sought to be recovered necessarily accrued from the operation of trains over the railroad. In such case, it would seem that they were required, under the rules of pleading, to allege the particular damage sustained, to enable them to give evidence of it. Adams v. Gardner, 78 Ill. 568. But, whether required to so allege or not, it was done in this case, and having alleged the special damage, the evidence should have been confined to that allegation, for it may fairly be presumed to include all the damages claimed. English v. City of Danville, 69 App. 288. A party may aver unnecessarily more than is required to sustain his cause of action, but, as a general rule, he must prove the averments of his pleadings as he makes them. Bell v. Senneff, 83 Ill. 122; Wabash Western Ry. Co. v. Friedman, 146 Ill. 583; Lake St. El. R. R. Co. v.

Collins, 118 App. 270. If to the declaration in this case we apply the rule which obtains in the construction of contracts, and give to it the interpretation as construed by the parties themselves, it may fairly be said that damages of the character now claimed were not in contemplation when the declaration was filed, or on the first appeal, until after the opinion of the Supreme Court was announced. Concerning a departure in action or defense of a case that has once been tried, the Supreme Court, in Telford v. Howell, 220 Ill. 58, said: "While it is true that pleadings may be amended, varying the statement of the cause of action or ground of defense, so as to make the same conform to the real facts, as developed or ascertained in the progress of litigation, yet, it is also true, that a radical change in the pleadings as to those facts of which the party making the amendment must all the time have had personal cognizance, is calculated to arouse suspicion and to call for a careful examination of the circumstances under which the new theory of the case is thus advanced." See also W. R. R. Co. v. Jones, 121 App. 390. There was no change in the pleadings as there should have been to accord with a complete change in theory respecting the nature of the damages sustained. The evidence offered as to damages was not within the allegations of the declaration and should have been ruled out. There was a material variance, to which the attention of the court and counsel was called in apt time and this might have been avoided by an amendment. Without this evidence, improperly admitted, the verdict is without support, but as there is some evidence which, under proper pleading, may tend to prove the recently discovered damages, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*