## South Chicago City Railway Company v. William H. Atton.

### Gen. No. 13,495.

1. PERSONAL INJURIES—*what not essential to liability for.* The ownership of a car which causes an injury is not essential to liability; possession and control is sufficient.

2. PERSONAL INJURIES—*what does not affect liability for, in event of collision.* Held, that it was not material whether the plaintiff was thrown by the collision from the car and injured, or, when the collision was imminent, he jumped from the car to avoid injury and was thereby injured.

3. PASSENGER AND CARRIER—*right of latter to seek safety.* "Passengers have a right, the best they may, to extricate themselves

South Chicago City Ry. Co. v. Atton.

from peril, the fault of the carrier; and if in obeying the dictates of their nature, and without such rashness as the circumstances would not reasonably excuse, they meet an unlooked-for injury, the carrier is still liable, for the injury is the result of his wrong."

4. FELLOW-SERVANTS—*who are not.* Those who were not servants of the same master and who were not at the time of the accident engaged in the business of the same master, are not fellow-servants.

5. VERDICT—*when not uncertain.* There is no substantial difference between a verdict for 1,000 dollars and a verdict for dollars 1,000, and a verdict in the latter form is not open to the objection of uncertainty and indefiniteness.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed December 6, 1907.

**Statement by the Court.** In a certain action brought in the Municipal Court of Chicago by defendant in error, against plaintiff in error, plaintiff's bill of particulars avers that his claim is "for damages for injuries received on, etc., by the defendant carelessly and negligently allowing a certain car of which it was then and there possessed, to run into and collide with a certain car used and operated by the Calumet Electric Railway Company, on which latter car plaintiff was employed as a conductor," and then sets out the place where the accident happened and the nature of plaintiff's injuries. Plaintiff had judgment for $1,000, to reverse which defendant has sued out this writ of error.

The Calumet Company and the defendant company were granted by an ordinance of the city of Chicago the right jointly to construct a street railroad on Stony Island avenue, and to "jointly or severally operate said line of railway."

The president of the defendant company testified that at the time of the accident the receiver of the Calumet company operated cars on said railroad in said avenue, under said ordinance; that the defendant company then operated on said railroad its own cars and also cars of the Hammond, Whiting & East Chicago Electric railway. The manager of the defendant

company testified that his company and the Calumet company operated independently of each other; did not divide receipts; that defendant hired and paid its own men and operated independently. At the time of the accident the car on which plaintiff was a conductor had started or was about to start forward after stopping for passengers at a street crossing, when a car, either of the defendant company or of said Hammond Company, ran into it from the rear and plaintiff was, by the collision, either thrown from the car, or to avoid injury jumped, just before the collision, from the car and received the injuries complained of.

MORRISON & BROWN, for plaintiff in error.

JAMES L. BYNUM and CHARLES C. SPENCER, for defendant in eror.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

It is immaterial whether the car which ran into the car on which plaintiff was conductor was the car of defendant or of the Hammond Company. Liability depends on possession and control, not on ownership, and the defendant company was operating the cars of the Hammond Company as well as its own cars.

Nor is it material whether the plaintiff was thrown by the collision from the car and injured or, when the collision was imminent, jumped from the car to avoid injury and was thereby injured. In Frink v. Potter, 17 Ill. 406, it was said, p. 410:

"The declaration alleges that the fore axle of the coach broke down, and the coach overturned while running, and that thereby the plaintiff was hurt and wounded. The evidence shows that the plaintiff was riding on the outside of the coach with the driver; that the axle broke in the center, letting the coach down and upsetting it; that the plaintiff, at the time of the accident, or before the coach upset, jumped or slid

from his seat to the ground; and that the passengers inside the coach were not injured. It is wholly immaterial whether the plaintiff was injured by the upsetting of the coach, or whether the axle having broke and the plaintiff thereby having been put in actual peril, to avoid injury, in the exercise of ordinary discretion, jumped to the ground, and in so jumping received the injury. Passengers have a right, the best they may, to extricate themselves from peril, the fault of the carrier; and if in obeying the dictates of their nature, and without such rashness as the circumstances would not reasonably excuse, they meet an unlooked-for injury, the carrier is still liable, for the injury is the result of his wrong.''

The distinction between this case and Frink v. Potter on the one hand and C. U. T. Co. v. Hampe, 228 Ill. 346, on the other hand is based upon the difference in the averments of the declarations. In this case the bill of particulars avers that plaintiff was injured by defendant negligently permitting a car of which it was possessed to run into the car on which plaintiff was. In Frink v. Potter the allegation was that the coach in which plaintiff was a passenger was negligently overturned and thereby he was injured. In Hampe v. C. U. T. Co. the averment was that "the car struck with great force and violence against" the wagon whereby the plaintiff "was thrown with great force and violence," upon the ground and injured. In the opinion it was said (p. 348): "There is in the record no evidence whatever which shows that appellee was thrown from the car by the collision. There is evidence of several witnesses, which is uncontradicted, that appellee was thrown from the car, or was pushed off the car by the passengers before the collision." The judgment was reversed upon the ground that there was a fatal variance between the averments of the declaration and the proof. The court cited with approval Wabash Railroad Co. v. Billings, 212 Ill. 37, where it was held that the allegations of a declaration

descriptive of what is material, even though unnecessary, must be proved as stated unless the variance is waived. Here there is no question of variance. The cause of action set up in the bill of particulars is the cause of action proved upon the trial.

The verdict in this case cannot, in our opinion, be held to be against the evidence, nor can the damages awarded be said to be excessive.

We find no reversible error in the ruling of the court upon questions of evidence.

The contention of plaintiff in error that the question whether the plaintiff and the persons in charge of the car which ran into the car on which plaintiff was, were fellow-servants, should have been submitted to the jury on the instructions on that subject asked by defendant, cannot be sustained. They were not servants of the same master, nor were they at the time of the accident engaged in the business of the same master, and the instructions upon the law of fellow-servants were therefore properly refused.

Whether plaintiff saved for review the errors assigned upon the oral instruction of the court by an objection and exception thereto after the verdict had been returned, it is not necessary to decide. We find no reversible error in the oral instruction or in the refusal of the court to give to the jury the instructions asked by the defendant.

The verdict is as follows: "We the jury find the defendant guilty and assess the plaintiff's damages at dollars 1,000." There is no substantial difference between "1,000 dollars" and "dollars 1,000," and the objection that the verdict is uncertain and indefinite is without merit.

The general appearance of defendant was entered and no question of the jurisdiction of the Municipal Court over the defendant can be raised in this court.

Finding in the record no substantial error, the judgment will be affirmed.

*Affirmed.*