## A. S. Johnson, Appellee, v. Corn Products Refining Company, Appellant.

VARIANCE—*when complaint of not subject to review.* In the absence of an objection or a motion to exclude upon the ground of variance, the point, even though good, as it was in this case, cannot be relied upon on review.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, pre-

siding. Heard in this court at the August term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

THOMAS STALLINGS, for appellant; JOHN A. BLOOM-INGSTON, of counsel.

WEBB & WEBB, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Madison county, by appellee against appellant, to recover for a personal injury alleged to have been sustained by appellee while in the discharge of his duty in the service of appellant. Trial by jury. Verdict and judgment in favor of appellee for $1250.

The declaration discloses that appellant operated a large corn products refining establishment and that appellee was engaged in its service in the "syrup department;" that the basement floor of that department was of granatoid, covering a space of about 60 by 300 feet; that there was a sink or hole in the vicinity of one corner of it, which at the time of appellee's injury was uncovered. In the first count of the declaration it is alleged "that while walking upon the floor in said basement, in pursuance of his duty," he fell into the hole. In the second count as amended it is alleged that "he was passing over the floor of said basement to assist in the pouring out and emptying of certain boxes, cans and barrels containing products," and stepped in the hole. (In each of these counts due care and absence of knowledge on the part of appellee and negligence and knowledge on the part of appellant are fully set up.)

The undisputed evidence proves that on the occasion in question appellee had left his work and gone to a "toilet room," for a purpose wholly his own, and on his return to the place of his work he took a different route from that traversed on his way to the toilet, and one he had never passed over before, through a part

of the basement where he had never been and where he had no duty to perform, and there fell into the hole.

Counsel for appellant insists that there is a fatal variance between the declaration and the evidence. Tested by the law as held and expressed in the case of Wabash Ry. Co. v. Billings, 212 Ill. 37, which we regard as a leading and controlling case on this question, it is apparent that there is a material variance. In that case the court says: "It is a general rule in actions at law, that in order to enable a plaintiff to recover * * * what is proved * * * must not vary from what he has previously alleged in his pleading; and this is not a mere arbitrary rule, but is one founded on good sense as well as good law. Every allegation which is descriptive of the cause of action must be proved as alleged in the pleading, and any variance therefrom is fatal unless it is waived by not calling it to the attention of the trial court, or is cured by an amendment of the pleading. Even if there are unnecessary allegations descriptive of what is material they must be proved." A variance may, however, be waived so that it cannot be availed of on appeal, by a failure properly to call it to the attention of the trial court in apt time.

"To present the question of variance as one of law, the evidence must be objected to at the time it is offered, on that ground, or, when the variance becomes apparent, the party should move to exclude the evidence, or in some other appropriate way raise that question, so that the trial court can pass upon it; and to properly raise the question in any of these modes, the variance should be distinctly pointed out, so as to enable the trial court to pass upon it understandingly, and enable the plaintiff to obviate the objection by amendment." Libby, McNeil & Libby v. Scherman, 146 Ill. 540. "A party in order to avail himself of a variance between the proof and the declaration in a court of review, must show from the record that the alleged variance was specifically called to the attention

of the trial court." Illinois Terminal R. R. Co. v. Thompson, 210 Ill. 226 (233).

During the progress of the trial in the case at bar no objection to the evidence was interposed on the ground of variance, nor was there at any time a motion entered to exclude any of the evidence on that specific ground. It is true that at the conclusion of all the evidence, counsel for appellant presented to the court the following motion and instruction, which the court denied and refused:

"And, now, at the close of all the evidence, comes the Corn Products Refining Company, by its attorney Thomas Stallings, and moves the court to exclude the evidence offered herein from the jury, and to instruct the jury to return a verdict finding the issues for the defendant, for the reason that said evidence is insufficient in law to support the cause of action, set out in the declaration, or either count thereof.

WARNOCK, WILLIAMSON, BURROUGHS.

THOMAS STALLINGS.
Attorney for defendant.

The court instructed the jury that the evidence offered herein is insufficient in law, to support the cause of action, set out in the declaration or either count thereof; and it is therefore your duty to return a verdict finding the issues for the defendant."

This motion to exclude the evidence did not raise the question of variance. It not only fails to specify in what the variance consists, but it does not even suggest that any variance does exist. "A motion to exclude the evidence and to instruct the jury to find for the defendant on the ground of variance between the pleadings and proofs does not raise the question of variance for review, unless the defendant indicates specifically in what the variance consists." I. C. R. R. Co. v. Behrens, 208 Ill. 20. "A variance between the allegations and proofs, if relied upon as the ground of a motion to instruct to find for the defendant, must be particularly specified in the motion." Zellers v. White, 208 Ill. 518. What is meant by "must be par-

ticularly specified'' is well disclosed by the second paragraph of the motion, quoted by the court in its opinion, in the case of Wabash R. R. Co. v. Billings, 212 Ill. 37 (38): ''Second. It is alleged in the declaration that plaintiff's buggy in which he was riding across defendant's track was struck by defendant's car or train and plaintiff then and there thrown out and injured, whereas the testimony shows that plaintiff's injuries, resulted from his falling from said buggy when some distance from defendant's track or crossing.''

It is true in the case at bar that in their motion for new trial counsel mentioned a variance, but they made no attempt to ''indicate specifically in what the variance consists,'' or to particularly specify in any way, nor does the record anywhere show that the variance was in any manner, at any stage of the case in the trial court, distinctly pointed out, so as to enable the court to pass upon it understandingly, and to enable the plaintiff to obviate the objection by amendment.'' All that appears is: ''(12) There is a fatal variance between the allegations in the declaration and the evidence.'' This is not sufficient. The question of variance has been waived in this case ''by a failure to properly call it to the attention of the trial court.''

The evidence so far departs from the declaration as to introduce a new material element into the case, and the state of the evidence is such that proper proof with respect to all the issues raised by this element introduced into the case by this departure is necessary to a recovery. The question then is, with that new element involved in the case as a material requisite, does the evidence when considered as a whole make and properly support a case in favor of appellee, without respect to the state of the pleadings. We entertain such doubt upon this question as leads us to the conclusion that the judgment should be reversed and the cause remanded; not upon the ground of va-

riance, for the right to avail of the variance was waived as above stated, but upon the state of the evidence, as a whole, with respect to the case which it tends to make; and, upon the further ground that the case which the evidence does tend to prove was not submitted to the jury upon any sound theory of the law consistent with it as a whole. This was no fault of the trial judge. It was the fault of counsel who failed to recognize the material departure of the evidence from the declaration and to call the court's attention to it, so that the court might properly guide and direct the further course of procedure and trial and the submission of the proper issues of fact to the jury, under proper instructions applicable thereto.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*