286

Roland Munroe, Jr., Claimant, vs. State of Illinois, Respondent.

*Opinion filed April 7, 1966.*

Morris J. Wexler, Attorney for Claimant.

William G. Clark, Attorney General; Daniel N. Kadjan, Assistant Attorney General, for Respondent.

Pezman, J.

The issues that surround this claim commenced on the 29th day of August, 1936 when claimant, a 15 year old Chicago newspaper boy, called at the apartment of Agnes Roffies, a woman of the age of 66 years, in order to collect from her the weekly payment for the delivery of a newspaper. Claimant was invited into the home of Agnes Roffies to rest and have a soft drink. The evidence discloses that, at the request of Mrs. Roffies, claimant straightened a key to one of her doors, and, in so doing, made use of a hammer, which later was introduced in evidence as the weapon, which caused her death.

From the transcript of evidence on file, we find that claimant, while in said apartment and performing said task, noticed Mrs. Roffies placing a box on the dining room table, which contained certain trinkets, jewelry, buttons, and various articles of gold or gold plate. There was some discussion between the parties as to the sale of these items. During such discussion and while Mrs. Roffies was walking around her apartment, she stumbled and fell. Claimant struck her on the head with the hammer, which he still had

in his possession, and when the hammer broke claimant seized Mrs. Roffies's cane, and struck her with it. He seized the various items of jewelry and trinkets, fled from the apartment, and attempted to remove stains of blood from his clothing and various other items, and proceeded to dispose of the jewelry. While the attack was in process, three passers-by on the darkened street heard Mrs. Roffies scream, and observed claimant in the act of striking her. Later he was arrested at his home. Shortly thereafter he admitted to the killing, and signed a confession thereto.

Roland Munroe, Jr., claimant herein, was indicted by the Grand Jury of Cook County on September 1, 1936 for the murder of Agnes Roffies. Claimant was arraigned in the Criminal Court of Cook County on September 7, 1936, and entered a plea of not guilty. A jury trial was held, and, on October 21, 1936, the defendant-claimant was found guilty of the crime of murder. He was then sentenced to the Illinois State Penitentiary for a term of 199 years. The first two months of his incarceration were spent in the diagnostic depot at the Joliet State Penitentiary. He was then transferred to the Psychiatric Division of the Illinois State Penitentiary at Menard. On July 9, 1945, he was transferred from the Psychiatric Division of the Menard branch to the General Division of the Penitentiary at Menard.

Claimant petitioned the Criminal Court of Cook County for a transcript of the proceedings of his trial and the common law record. On January 26, 1956, the petition for the common law record was granted, but it was denied as to the transcript of the proceedings of the trial. Prentice H. Marshall was appointed as claimant's attorney on November 13, 1956 by the Illinois Supreme Court. On January 18, 1957, the Criminal Court of Cook County granted the petition of claimant that he be furnished with the transcript of the proceedings of his trial (pursuant to Rule 65-1 of the Su-

preme Court of Illinois). In January of 1958, the transcript of the proceedings was filed with the Illinois Supreme Court, and, in May of 1958 the Supreme Court issued a Writ of Error. On November 26, 1958, the Supreme Court reversed the finding of guilty of claimant, and remanded the case to the Criminal Court of Cook County for a new trial. On December 31, 1958, Roland Munroe, Jr., was re-arraigned in the Criminal Court of Cook County, and entered a plea of not guilty. On May 26, 1959, a bench trial before Judge Grover C. Niemeyer of the Criminal Court, found Roland Munroe, Jr., not guilty of the crime of murder, and discharged him for the reason that at the time of the commission of the act Claimant was insane, but at the time of his second trial he was sane, and, therefore, should be discharged.

On May 23, 1963, claimant, Roland Munroe, Jr., filed his cause of action in the Court of Claims against the State of Illinois based upon the theory that claimant was and is innocent of the murder of Agnes Roffies, and was unjustly imprisoned in the State of Illinois for a period in excess of 22 years. It is further contended that by reason of the unjust imprisonment claimant was damaged in the amount of $35,000.00. The complaint contains a prayer for judgment against respondent in the sum of $35,000.00, together with attorney's fees not to exceed 25% of the judgment granted and the cost of the suit.

Claimant contends that, by reason of his mental condition at the time of the consummation of the act, he could not determine right from wrong, or that, if he did retain such an ability, he could not restrain himself from so acting. Claimant's position is based upon the point that at the original trial, due to his mental condition, he should have been found innocent by reason of insanity, and, therefore, his incarceration was unjust. Claimant further contends that the

decision at the second trial by the Criminal Court of Cook County, which found claimant, Roland Munroe, Jr., to be innocent, is free from the collateral attack of the State of Illinois in this cause. The claim is based upon the fact that claimant was insane at the time he committed the act for which he was imprisoned, and, therefore, was innocent of the crime for which he was imprisoned.

Respondent bases its primary defense on Par. 3 of Sec. 8 of the Court of Claims Act. This Act clearly sets forth that the Court of Claims has jurisdiction in such matters only if claimant proves his innocence of the crime for which he was imprisoned, and further proves that he has a claim against the State for time unjustly served in prison. It is contended by the State that a finding of claimant's innocence, based upon insanity, by the Criminal Court of Cook County is proof neither of the fact that claimant is or was innocent, nor of the fact that the years he spent in prison were unjustly spent. It is the position of respondent herein that, by reason of the confession signed by claimant, the act for which claimant was incarcerated was admitted, and that on further evidence and testimony of claimant at the latter trial such act was not denied.

It seems that the primary issues for the Court to determine herein are whether claimant has proved all the material allegations of his claims, i.e., that the time served in prison was unjust; that he was innocent of the crime for which he was imprisoned; and the amount of damages to which he is entitled. (See *Jack Flint* vs. *State of Illinois*, 21 C.C.R. 80, *Pitt* vs. *State of Illinois*, 22 C.C.R. 258, *People ex rel Rusch* vs. *Fusco, et al*, 397 Ill. 468.) It is quite helpful in determining these issues to carefully analyze the intention of the legislature in passing the legislation, which is the basis of this claim. It is abundantly important that claimant herein prove not only his innocence, but also prove

that his particular set of facts places himself within the realm of the relief granted by the statute.

The evidence clearly indicates the mental illness of claimant at the time of the original act in question. At the time of the original act, the science of mental and psychiatric treatment had only commenced to emerge into that which is now available in this field. Evidence shows that defendant was in need of psychiatric help and institutional care, and such advice was given to claimant's stepmother prior to the act, which is the basis of the criminal matter. The advice in itself should have immediately required some type of action on the part of the parents or the related community social authorities. Testimony of the doctors at the time of incarceration indicated that claimant was of such a mental condition that he required institutionalized care, extensive rehabilitation, and psychiatric care. Claimant contends that because of these conditions the original finding of guilty was unjust; that the subsequent finding of not guilty by the Cook County Criminal Court is decisive; that such finding of innocence cannot be collaterally attacked, since claimant was found innocent of this act; and, that any confinement or incarceration was unjust. The findings of the Criminal Court of Cook County in the criminal trial cannot be attacked collaterally by the State, and their findings can only be challenged or attacked if some fraud or lack of jurisdiction has been raised. (See *Bell* vs. *Senneff*, 83 Ill. 122.)

There is little doubt that the mental condition of claimant was such at the time of the act itself that the mind and the body could not be held responsible, and a decision of innocence by reason of insanity was justified. The finding of innocence by reason of insanity needs questioning to see if it meets the test established by *Jonnia Dirkans* vs. *State of Illinois*, Case No. 4904, opinion filed February 25, 1965.

"The law in Illinois is clear that claimant must prove his innocence

in order to be entitled to an award by the Court of Claims. The burden is upon claimant to prove by a preponderance of the evidence (1) that the time served in prison was unjust; (2) *that the act for which he was wrongfully imprisoned was not committed by him* (emphasis supplied); and (3) the amount of damages to which he is entitled."

There is no doubt from the evidence and the confession introduced that the act of striking the deceased by claimant did occur.

This Court in the Dirkans case held that a claimant must prove his innocence of the "fact" of the crime. It is the belief of this Court that the legislature intended only to provide a manner of recourse in the Court of Claims, with the amount of recovery specified, for those who were imprisoned for an act, which they did not commit. The legislature did not intend to establish a means of recourse for an individual who in "fact" had committed a criminal act, but an act for which one could not be held "criminally" responsible due to a mental condition. Based upon the evidence and the facts herein, the Court must find that the act for which claimant was wrongfully imprisoned was in fact committed by him, and that he was not innocent of the crime, as such "innocence" is interpreted by this Court.

Claim is hereby denied.